**McDONALD v. Wm. CAMERON & CO., Inc.**
**No. 13101.**

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 22, 1935.

Rehearing Denied March 22, 1935.

L. J. Wardlaw, of Fort Worth, and W. H. Lipscomb, of San Angelo, for plaintiff in error.

Ben M. Terrell, of Fort Worth, for defendant in error.

LATTIMORE, Justice.

■ We are requested not to consider the assignment of error of appellant as being too general. That assignment is that the court erred in rendering judgment against him for $1,017, being the unpaid balance of $936 on the verified account sued on plus interest. The assignment is too general to be approved, but it is followed by propositions which make the exact points involved entirely clear. The entire brief is short and the facts simple, and we have concluded, therefore, that we will entertain it.

■■ The appellee sued appellant, alleging a balance in the sum of $766.36, with interest from January 1, 1932, due for merchandise sold to appellant. Appellant answered, admitting that balance and asserting a cross-action.

Appellee amended and alleged that said merchandise was quoted at said price in response to an inquiry from appellant for prices "on a cash basis," and was delivered on said basis, and that seven months had elapsed since said delivery without payment being made by appellant, and that said prices were special and were below the usual, fair, reasonable, and customary prices for same on any other basis, and that such latter prices totaled $936.06, with interest at 6 per cent. from January 1, 1932, for which it prayed.

An implied contract is one which arises from the dealings of the parties, from which it is apparent that the minds of the parties met on the terms of the contract without any legally expressed agreement thereto. The implied contract ofttimes is established in the face of the contention of one of the parties that he did not so agree or understand himself to be agreeing to any such contract. This is sometimes said to be, because it would be inequitable to allow him to repudiate the benefit of his acts, Southwestern Inv. Co. v. Green (Tex. Civ. App.) 19 S.W.(2d) 102, but in truth it is more accurate, if less courteous, to say that his acts speak more emphatically than his wordy denials, Marr-Piper Co. v. Bullis (Tex. Com. App.) 1 S.W.(2d) 572; Joseph v. Bostick (Tex. Com. App.) 276 S. W. 672, 673; 1 Tex. Jur. 320.

This contract in question was made without reservation. Neither party gave thought or sign in the making thereof that a different liability would arise if appellant did not pay.

To allow appellee now to recover more than $766.15 with interest would be nothing more nor less than special damages with a cloak flung about it by us labelled "lex contractus." For the reasons given in the preceding paragraph, it is not recoverable as special damages.

Without attempting to analyze here the labyrinthian niceties of election by pleadings raised by appellant, we confess here to having read his presentation of same and are not in accord therewith. Appellee pleaded its con-

tract for $766.15 and proved it, even though pleading also and praying likewise for more.

The judgment of the trial court is reformed, so that appellee may recover of appellant $766.34 at 6 per cent. per annum from November 1, 1931. As so reformed, the judgment of the trial court is affirmed. The cost of appeal is taxed against appellee.