Jim LaCHANCE, Individually and d/b/a Jim LaChance Company and Persimmon Hollow Company, Appellant,

v.

Spencer D. HOLLENBECK, et ux., Appellees.

No. 14296.

Court of Appeals of Texas, Austin.

June 12, 1985.

Rehearing Denied Aug. 28, 1985.

Jeffrey D. Talmadge, Fulbright & Jaworski, Austin, for appellant.

Claude E. DuCloux, Robinson, Felts, Starnes, Angenend & Mashburn, Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

Appellant appeals from a judgment for $1,819.10 in a bench trial involving a suit by appellees, Spencer D. Hollenbeck and wife, Faye Hollenbeck, for expenses paid by appellees to improve a condominium. This condominium was under a contract of purchase from appellant. We will affirm the judgment of the trial court.

On February 11, 1983, appellees executed a contract of purchase from appellant for a condominium in Austin in the sum of $72,-000. Appellees paid $500 earnest money to

Jim LaChance, acting as the Persimmon Hollow Company. The property was to be financed through a Veteran's Administration loan. The contract agreement provided that the sale was to be closed six months from the contract date at the prevailing VA interest rate at the time of closing. LaChance, representing the seller, refused to close the sale. Appellant alleges that the VA interest rate had changed shortly before the day of closing, requiring seller to pay additional "points" to the lender to secure VA financing.

Upon appellant's refusal to close the sale, appellees demanded return of their earnest money and reimbursement for sums appellees paid appellant and others for certain "extras" installed in the condominium. These "extras" included ceiling fans, additional electrical wiring, a concrete patio and other items installed in the condominium prior to the agreed closing date.

This cause was set for trial on the merits on May 21, 1984. On May 17, appellant discharged his attorney. On May 18, LaChance filed a motion for continuance. The trial court continued the case until Wednesday, May 23, to give him additional time to locate new counsel. Upon the failure of appellant to obtain new counsel, the court proceeded to trial over appellant's objection. Thus, appellant's first point of error concerns the denial by the trial court of his motion for continuance.

■■■ In his brief and argument before this Court, counsel for appellant stated erroneously that trial counsel "withdrew" from the case. LaChance testified and swore in the motion for continuance that he "discharged" his attorney on the evening of May 17, four days before trial. Appellant argues that it is fundamental that a party to a trial must be afforded a reasonable opportunity to obtain counsel. Furthermore, appellant contends that the denial of that right is fundamental error if the litigant, without negligence or default on his part, is deprived of his right, and an ex parte judgment is rendered against him. However, we do not agree that appellant was without negligence or default in discharging his attorney on the evening of May 17, less than four days before trial. The granting or denying of a continuance is within the trial court's sound discretion, and will not be disturbed on appeal unless it is clearly shown that such discretion has been abused. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963). Absent a manifest showing of abuse of discretion, the trial court's decision will not be disturbed. *U.S. Fire Ins. Co. v. Alvarez*, 657 S.W.2d 463 (Tex.App.1983, no writ); *Garcia v. Texas Emp. Ins. Assn.*, 622 S.W.2d 626 (Tex. App.1981, writ ref'd n.r.e.). We do not find that the trial judge committed an abuse of discretion in denying appellant's second continuance. Appellant's first point of error is overruled.

Appellant's second point of error claims that appellees' case was tried on a theory of quantum meruit. Appellant recites that the case falls into this category because appellees sought recovery for work and materials based upon a claim of unjust enrichment. Thus, the argument is made that appellees should be denied recovery for failure to prove the elements of quantum meruit. Appellees reply that this is an erroneous conclusion since the case was not tried on that theory; rather, the case was tried on the equitable theory of unjust enrichment.

■■■ Unjust enrichment, however, does not provide an independent basis for a cause of action. The phrase "unjust enrichment" characterizes the result whereby one individual fails to make restitution of benefits received under circumstances giving rise to an implied or quasi-contract. *Allen v. Berrey*, 645 S.W.2d 550 (Tex.App. 1982, writ ref'd n.r.e.); *Fun Time Centers, Inc. v. Continental National Bank of Fort Worth*, 517 S.W.2d 877 (Tex.Civ.App. 1974, writ dism'd).

■■■ We agree with appellant that the judgment of the trial court cannot be sustained on the theory of quantum meruit. Recovery under quantum meruit requires that: (1) a valuable service was rendered or materials furnished, (2) for the person

sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Prairie Valley I.S.D. v. Sawyer*, 665 S.W.2d 606, 610 (Tex.App.1984, writ ref'd n.r.e.). Appellant is correct in saying that appellees' payment for the installation of improvements into the condominium did not carry with it the reasonable expectation that appellees would be paid by appellant for the cost of those improvements. It is true that the improvements were for the benefit of the appellees and not for the benefit of appellant. Thus, quantum meruit is not applicable in this case. After a careful reading of the record, however, we are compelled to affirm the judgment of the trial court.

■ In their first amended original petition, it is uncontroverted that appellees pleaded, among other things, that appellant committed a breach of contract. For their claims against appellant, of which breach of contract was a part, appellees pleaded damages flowing from the acts of appellant in failing to close as required by the contract. Our reading of the statement of facts and the trial court's findings of fact supports a finding of breach of contract. The trial court's findings state, among other things, that: (1) appellees were ready, willing and able to close the condominium sale at a scheduled closing on August 3, 1983; (2) appellees took all steps which were known to them to be necessary to secure a closing on or about August 3, 1983; (3) the appellant failed to sign the closing papers on or about August 3, 1983, or thereafter; (4) the appellant failed to inform the appellees as to why the closing would not take place; (5) neither at the time of closing, nor at any time thereafter, did the appellant suggest or explain to the appellees how the closing could be accomplished; (6) any error in the closing papers, which the appellees did not prepare, was unknown to appellees; and (7) the appellees

intended to purchase the condominium on or about August 3, 1983. Plaintiff's exhibit number one is the condominium unit purchase contract. This appears to be a standard contract of sale. Closing was contingent on the appellees' ability to secure a mortgage of $70,900, with the interest rate determined by the prevailing VA interest rate at the date of closing. The record shows that Jim LaChance failed to close at the prevailing VA interest rate as agreed. Exhibits three and four set forth a request for additions to the condominium, at appellees' expense, and copies of the checks used to pay for them. The checks were paid to and endorsed by appellant. Exhibit five is a copy of the $500 escrow deposit which was received by appellant.

In our judgment, the court's findings of fact and the evidence in the record support the allegation that appellant committed a breach of contract for failure to close on August 3, 1983. Moreover, the record adequately sets forth the damages that appellees could recover due to that breach.

■ It is trite learning that actual damages may be recovered in an action for breach of contract where the loss is the natural, probable and foreseeable consequence of the defendant's conduct. *Mead v. The Johnson Group, Inc.*, 615 S.W.2d 685 (Tex.1981). In *Mead, supra,* the Texas Supreme Court cited *Hadley v. Baxendale*, 9 Exch. 341 (1854) for the following proposition:

> Where two or more parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally; *i.e.,* according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach.

Actual damages may also include consequential damages, *Id.* Our review of the

record indicates that appellees adequately pleaded and proved damages which naturally flowed from appellant's breach of contract.

 A reading of the trial court's conclusions of law does not readily reveal the legal reasoning behind the court's judgment. Ostensibly, recovery was for the value of the improvements which the appellees, in good faith and under the mistaken belief that they would acquire title to the property they thought they were entitled. In any event, this Court is not bound by the trial court's conclusions of law. *Hinojosa v. Castellow Chevrolet Oldsmobile, Inc. and G.M.A.C.*, 678 S.W.2d 707 (Tex.App. 1984, writ ref'd n.r.e.); *Muller v. Nelson, Sherrod & Carter*, 563 S.W.2d 697 (Tex. Civ.App.1978, no writ). This Court is duty bound to affirm the judgment if there is any theory upon which that might be done. *Muller v. Nelson, Sherrod & Carter, supra.* It is our opinion, therefore, that the record amply bears out that the appellant committed a breach of contract by failing to close his contract with appellees on August 3, 1983.

▮ Appellant's point of error concerning "unclean hands" is without merit. Evidence is abundant that appellees cooperated in every way to close the sale and to acquire the possession of their new condominium. It was clearly the refusal of appellant to pay the additional "points" to the lender to secure the VA loan that prevented the sale. With prices of Austin real estate escalating, it was clear that appellant would benefit by refusing to close the $72,000 contract when he could obtain $80,000 from a new buyer.

▮ Appellant's fourth point of error contends that the trial court erred in denying appellant's motion for new trial based on newly discovered evidence. A witness, Reed, testified that appellees were looking for another property due to their concern that the condominium would not be completed as per the agreement in time for the closing. This point is without merit. Appellant failed to prove how such would, in any way, change the result of the trial.

In his final point, appellant argues that there was no evidence to support the findings by the trial court to the effect that appellant informed appellees that they could expect the condominium to be completed in May 1983. Assuming, arguendo, that such was correct, it would be harmless, and this point is overruled.

▮ Appellees' cross-point claiming that they are entitled to an affirmance with damages under Tex.R.Civ.P.Ann. 438 (1985) is not supported by any evidence in this record. The record does not indicate that this appeal was taken for the purpose of delay and is therefore overruled.

Judgment of the trial court is affirmed.