**Donald St. John SMITH, Appellant,**

v.

**Raymond RENZ, Appellee.**

**No. 13–91–328–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1992.

Rehearing Overruled Nov. 17, 1992.

Savannah Robinson, Corpus Christi, for appellant.

David T. Bright, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN, and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Raymond Renz sued Donald St. John Smith for breach of an oral employment contract between them. Renz alleged that Smith owed him $8,604.96 for the work he did for Smith in 1986 and 1987. Smith

denied liability, asserting that the work for which Renz claimed payment was not done in a good and workmanlike manner when in fact it damaged his property. He further alleged that Renz had been paid, and that no contract existed for the personal work. Smith counterclaimed, demanding an offset for the cost of repairing the defective workmanship and the property damage. After a bench trial, the trial court entered judgment in Renz's favor for $8,604.96 in actual damages, $2,080 in consequential damages, and $21,924.52 in attorneys fees. Smith challenges the trial court's judgment in four points of error. Renz brings one cross-point of error. We affirm.

Renz testified that in 1979, he began doing construction work on Smith's home and estate in Corpus Christi. He also did personal work for Smith. Renz said that during the entire time that he worked for Smith, he and Smith had a standard arrangement that he would bill Smith ten-percent overhead and twelve-percent profit for the construction work. He said that Smith had always paid him on the "draw system." Renz explained that under the draw system, he would pay all of the bills pertaining to a given project. When the bills amounted to a certain figure, he would go to Smith and make a draw. A draw was made based upon the amount of production completed during a one or two-week period. Renz and Smith did not have a specific agreement concerning the amount he charged for personal work, but they had an understanding that when Smith would ask him to do work, Renz would bill Smith for it. Renz said that he never billed Smith an unreasonable amount.

Renz testified that the problem giving rise to this lawsuit began in December 1987. During that time, Smith got out of the hospital and accused Renz of conspiring to put him there.[1] He did not want Renz to work for him any longer and refused to pay him any more draws. Renz testified that Smith owed him $8,604.96 for the work he had done from January 1986 to January 1987. He said that the work

which was the basis of this lawsuit was done pursuant to an oral contract with Smith and that he did not do any work on the home or estate that Smith did not ask him to do.

Smith testified that he hired Renz to do contracting work on specific jobs. He said that he and Renz did not have a contract in which he agreed to pay Renz ten-percent overhead and twelve-percent profit. However, he admitted that through the course of dealings over the years he had paid Renz those percentages. He denied owing Renz the $8,604.96.

By points one and two, Smith complains that the trial court erred in awarding Renz his charges (the $8,604.96) for the construction work and personal work because the evidence showed as a matter of law that they did not have a contract for this work. Smith contends that a contract did not exist because they did not have a specific agreement concerning the "price" Renz could charge for the work he did.

■ A binding contract must have an offer and an acceptance, and the offer must be accepted in strict compliance with its terms. The parties must have a meeting of the minds, and each must communicate his consent to the terms of the agreement. Consideration is a fundamental element of every valid contract; it can consist of a benefit to the promisor or a loss or detriment to the promisee. *American Nat'l Ins. Co. v. Warnock*, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938); *Garcia v. Villarreal*, 478 S.W.2d 830, 832 (Tex.Civ. App.—Corpus Christi 1971, no writ).

■ An implied contract arises from the dealings of the parties, from which the facts show that the minds of the parties met on the terms of the contract without any legally expressed agreement thereto. *McDonald v. Cameron & Co.*, 80 S.W.2d 1065, 1065 (Tex.Civ.App.—Fort Worth 1935, no writ); 14 TEX.JUR.3d *Contracts* § 7 (1981).

1. During trial, Smith's counsel informed the court that he would stipulate that Renz did not

conspire to put Smith into the hospital.

■ In the present case, the evidence showed that Renz and Smith had a standard arrangement that he would bill Smith ten-percent overhead and twelve-percent profit for the construction work. Smith admitted that through the course of dealings over the years he had paid Renz those percentages. Concerning Renz's charges for personal work, he and Smith had an understanding that when Renz did work for Smith, he would bill him for it.

We conclude that the course of dealings between Renz and Smith showed that their minds had met on the terms of the employment contract. This created an implied contract for the construction work and personal work which Renz did from January 1986 to January 1987. *See McDonald*, 80 S.W.2d at 1065; 14 Tex.Jur.3d *Contracts*, § 7 (1981). We therefore hold that the trial court did not err in awarding Renz the $8,604.96 in actual damages.

■ By point three, Smith complains that the trial court erred in awarding Renz any amount for consequential damages or for attorneys fees. Special or consequential damages are damages which a party may recover for breach of contract which are incidental to and caused by the breach and may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. *LaChance v. Hollenbeck*, 695 S.W.2d 618, 621 (Tex. App.—Austin 1985, writ ref'd n.r.e.); *New Amsterdam Casualty Co. v. Bettes*, 407 S.W.2d 307, 316 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.).

■ In the present case, Renz testified that he spent 104 hours trying to collect the money Smith allegedly owed him. Plaintiff's Exhibit 12 contained a detailed description of the work Renz did in trying to collect his money. Most of Renz's work consisted of preparing an itemized statement for 1986 and 1987, showing the total amount spent and the balance owed (prepared at Smith's request), meetings with Smith, Smith's C.P.A., and Smith's attorneys, and meetings with his attorneys. Renz estimated that his time was worth roughly $20 per hour. Using these figures

($20 per hour × 104 hours), he said that his damages were $2,080.

We conclude that when the parties entered into this contract, the fact that Renz would do what was necessary to collect his wages upon breach of the contract may have reasonably entered into the contemplation of the parties. *See LaChance*, 695 S.W.2d at 621; *Bettes*, 407 S.W.2d at 316. We therefore hold that the trial court did not err in awarding Renz $2,080 in consequential damages.

■ Concerning attorneys fees, section 38.001(8) of the Civil Practice & Remedies Code permits recovery of attorneys fees in suits based upon oral contracts. *Higgins v. Smith*, 722 S.W.2d 825, 828 (Tex.App.— Houston [14th Dist.] 1987, no writ). A party who is entitled to recover under a breach of contract claim is also entitled to recover a reasonable attorneys fee. *Bernal v. Garrison*, 818 S.W.2d 79, 85 (Tex. App.—Corpus Christi 1991, writ denied); *Praeger v. Wilson*, 721 S.W.2d 597, 601 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.). Factors to be considered in determining the reasonableness of attorneys fees include the time and labor involved, the nature and complexities of the case, the value of the interest involved, the extent of the responsibilities assumed by the attorney, and the benefits resulting to the client from the attorney's services. *Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.*, 794 S.W.2d 442, 449 (Tex.App.—Corpus Christi 1990, writ denied); *A.H. Belo Corp. v. Southern Methodist Univ.*, 734 S.W.2d 720, 724 (Tex.App.—Dallas 1987, writ denied).

■ In the present case, the trial court heard testimony from attorneys John Drake and David Bright concerning their fees. Attorney Drake testified that he had been licensed to practice law in Texas since 1978 and had practiced law for the last ten or eleven years. He said that he represented Renz in the pre-litigation phase of this case and incurred roughly $2,500 in attorneys fees.

Attorney Bright, the attorney who litigated this case, testified that he had been licensed to practice law in Texas for over

two years. He said that a reasonable and necessary attorneys fee for this type of case in Nueces County would be $100 per hour, plus $1,000 per day while the case was in trial. He said that he had incurred attorneys fees of $9,429.52 in prosecuting this suit. He said that reasonable and necessary attorneys fees for an appeal to the Court of Appeals would be $5,000 and that an appeal to the Supreme Court would be $5,000.

We conclude that the evidence concerning the attorneys' time and labor, along with the nature of this case and the favorable verdict, entitled them to reasonable attorneys fees. *See Jones Oil,* 794 S.W.2d at 449; *A.H. Belo,* 734 S.W.2d at 724. We therefore hold that the trial court's award of attorneys fees was proper.

■ By point four, Smith complains that the trial court's failure to offset Renz's claims by the amount of damage due to improper construction of a driveway was against the great weight and preponderance of the evidence. At the time Renz worked for Smith, he supervised the construction of a driveway at Smith's home. Smith filed a counterclaim against Renz, alleging that the driveway was improperly constructed. He requested an offset for the cost and damages.

Renz testified that the driveway was constructed above a good and workmanlike manner. He said that the driveway was designed for an automobile and that it had been damaged when someone drove heavy equipment on it and unloaded tons and tons of railroad ties.

James Bright, an architect, examined Smith's driveway. He said that it did not show any structural defects. He also said that the driveway appeared to have been built in a good and workmanlike fashion.

Smith presented three witnesses who testified contrary to Smith's witnesses. The

evidence pertaining to the driveway's construction was conflicting, and the trial court had the duty to judge the witnesses' credibility and the weight to be given their testimony. We therefore hold that the trial court's finding was not against the great weight and preponderance of the evidence.

■ By a single cross-point, Renz complains that Smith has brought this appeal frivolously and for purposes of delay. He contends that he should be awarded damages pursuant to Rule 84 of the Texas Rules of Appellate Procedure.[2] In the present case, Smith had at least an arguable basis to attack the trial court's failure to offset Renz's claims by the amount of damages and cost due to the alleged improper construction of the driveway. Smith's arguments, even though unconvincing, had a reasonable basis in law and fact, and they constituted an informed, good-faith challenge to the trial court's judgment. As a result, under the circumstances present in this case, an award of damages under Rule 84 is not justified. *See General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.,* 826 S.W.2d 124, 124–25 (Tex.1991).

The trial court's judgment is AFFIRMED.

---

**2.** Rule 84 provides, in pertinent part:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.