Martin L. PETERSON, Appellant,

v.

**NCNB TEXAS NATIONAL BANK
now known as NationsBank
of Texas, N.A., Appellee.**

No. 11–93–039–CV.

Court of Appeals of Texas,
Eastland.

Sept. 16, 1993.

Rehearing Denied Oct. 28, 1993.

———

Martin L. Peterson, Stephenville, for appellant.

Charles L. Black, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

Martin L. Peterson sued NCNB Texas National Bank alleging that the Bank improperly refused to honor Peterson's sealed bid to purchase a residential lot. The facts were stipulated, and the trial court rendered a take-nothing judgment. We affirm.

The Bank through Financial Resource Management, Inc., its agent, advertised for sealed bids for the purchase of a number of residential lots in Erath County. Peterson was given a copy of the Sealed Bid Instructions which provided in pertinent part:

1. All bids must be presented on the enclosed Purchase and Sale Agreement Form. *THERE CAN BE NO CHANGES OR ADDITIONS TO THE PURCHASE AND SALE AGREEMENT.*

\* \* \* \* \* \*

6. Financial Resource Management, Inc. reserves the right to reject any and all bids. (Emphasis in original)

In addition, the instructions also provided that "[t]he Seller reserves the right to reject any offer."

Bids were submitted in the form of a Purchase and Sale Agreement. The agreement Peterson submitted as his bid for Lot 10 had certain provisions relating to title insurance marked out. When the sealed bids were opened, the following notation was made to the face of Peterson's bid: "Contract ALTERED Unacceptable." Peterson's bid of $3,800 was rejected, another bid of $2,314 was accepted, and the lot was conveyed to that bidder. Peterson's bid was the highest bid received.

In his first point of error, Peterson attacks the trial court's Conclusion of Law No. 1 that "Peterson's bid was an offer to purchase Lot 10, which offer was not accepted by NCNB; therefore, no contract ever came into existence." A bid is simply an offer and does not alone create a contract. See *Urban Electrical Services, Inc. v. Brownwood Independent School District*, 852 S.W.2d 676 (Tex.App.—Eastland 1993, no writ); *A & A Construction Company, Incorporated v. City of Corpus Christi*, 527 S.W.2d 833 (Tex.Civ.App.—Corpus Christi 1975, no writ). A binding contract requires both an offer and an acceptance. *Smith v. Renz*, 840 S.W.2d 702 (Tex.App.—Corpus Christi 1992, writ den'd).

Peterson recognizes the general rule that a bid is only an offer for the property which requires acceptance to create an obligation on the owner, but he urges a special rule for sealed bid auctions. Relying upon cases from other jurisdictions, Peterson contends that in sealed bid auctions the act of opening a sealed bid in proper form is an acceptance for purposes of determining when a contract is formed, conditioned on no higher bid being made.

In the cases cited, *Golfinopoulos v. Padula*, 218 N.J.Super. 38, 526 A.2d 1107, 1111 (1987); *Jenkins Towel Service, Inc. v. Fidelity–Philadelphia Trust Company*, 400 Pa. 98, 161 A.2d 334, 338 (1960), the letter used to solicit bids specified in definite terms that a contract would be awarded to or an agreement of sale tendered to the "highest … bidder." The courts determined that the definite language transformed the notice from a solicitation for offers to a firm offer to sell to the highest bidder.

The Sealed Bid Instructions in this case did not provide that the sale would be made to the highest bidder. Moreover, the seller and its agent clearly reserved the right to reject any and all bids or offers.

The trial court did not err in concluding that Peterson's bid was an unaccepted offer to purchase and, therefore, that no contract came into existence. The first point of error is overruled.

In the second point, Peterson complains of the trial court's Conclusions of Law Nos. 2 and 3, which read as follows:

2. The changes made by Peterson to the Purchase and Sale Agreement as reflected in Peterson's bid, violated the terms of the Sealed Bid Instructions and Peterson's bid was lawfully rejected.

3. By the terms of the Sealed Bid Instructions, and as a matter of law, NCNB had the right to reject Peterson's bid and did so.

Peterson urges that his deleting of provisions to the Purchase and Sale Agreement did not constitute an alteration or a change to the agreement because it was not a material change. It is immaterial whether or not the deletion constituted a material change. The right was clearly reserved to reject any and all bids.

The provisions reserving the right to reject any and all bids control. The trial court did not err in concluding that Peterson's bid was lawfully rejected and that the Bank had the right to reject such bid. The second point of error is overruled. Our holdings on the first two points makes the consideration of the remaining points unnecessary.

The judgment of the trial court is affirmed.