**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 02-40380

---

PAIR-A-DICE ACQUISITION PARTNERS, INC,

Plaintiff-Appellant,

VERSUS

CITY OF GALVESTON, TEXAS; ET AL

Defendants

THE BOARD OF TRUSTEES OF THE GALVESTON WHARVES; GALVESTON WHARVES

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(01-CV-300)

---

December 11, 2002

Before JOLLY and DUHÉ, Circuit Judges, and LITTLE,[*] District Judge.

PER CURIAM:[**]

Pair-A-Dice Acquisition Partners, Inc. ("Pair-A-Dice") appeals the district court's grant of summary judgment in favor of the Board of Trustees of Galveston Wharves ("the Wharves") in a dispute

---

[*] F.A. Little, Jr., Senior U.S. District Judge, Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arising from Pair-A-Dice's attempt to enter into an agreement with the Wharves to operate a gambling ship in the Port of Galveston. Pair-A-Dice pressed breach of contract, fraud and constitutional claims against the Wharves, and summary judgment was granted. The constitutional claims have been abandoned on appeal. Because we find no contract was ever entered into between the parties, and because the defendant Wharves enjoys sovereign immunity from any tort liability, the judgment of the district court is affirmed, essentially for the reasons given in the district court's opinion.

## I.

This Court reviews grants of summary judgment de novo. Patel v. Midland Memorial Hospital and Medical Center, 298 F.3d 333, 339 (5th Cir. 2002). Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## II.

Pair-A-Dice essentially argues that the Wharves assumed contractual obligations by issuing its request for proposals, receiving Pair-A-Dice's proposal, and failing to follow the procedures established for processing the proposals received. This claim fails for a variety of reasons. First, no contract was ever entered into between the Wharves and Pair-A-Dice. It is axiomatic that contracts are created by offer and acceptance. See Williford Energy Co. v. Submergible Cable Serv., Inc., 895 S.W.2d 379, 384

2

(Tex.App.-Amarillo 1994). The mere submission of a proposal does not create any contractual obligation on the part of either party. See Peterson v. NCNB Texas Nat'l Bank, 862 S.W.2d 182, 183 (Tex. App.-Eastland 1993) ("A bid is simply an offer and does not alone create a contract."). In fact, the procedures themselves explicitly state that the Wharves retained the right to accept or reject any or all proposals received. Second, to the extent that Pair-A-Dice argues the Wharves' alleged failure to follow its procedures somehow constitutes a breach of contract, it appears the Wharves followed the stated procedures. Pair-A-Dice had argued that the Wharves violated its procedures by entering into a contract with Talisman, a competitor, instead of Pair-A-Dice, for the very services contemplated by the bidding procedures. However, it appears that the Wharves never entered into any exclusive agreement with any entity to operate a gambling boat at the Port of Galveston. Any agreement reached with Talisman was not for the exclusive, long term operation of a gambling facility in the Port of Galveston. Accordingly, summary judgment was proper with respect to Pair-A-Dice's contract claims.

Pair-A-Dice's second claim, sounding in tort for fraud and misrepresentation, similarly must fail. The Wharves enjoy sovereign immunity, and as such we need not address the merits of Pair-A-Dice's fraud claim. A municipality cannot be sued in tort for the performance of its governmental functions, although it may be sued for performance of its proprietary functions. City of

3

Tyler v. Likes, 962 S.W.2d 489, 501 (Tex. 1997) (citing Dilley v. City of Houston, 222 S.W.2d 992 (Tex. 1949) (explaining distinction between governmental and proprietary functions)). The City of Galveston delegated to the Wharves the power to operate the port with the sovereign immunity that attends this government function. Lake Charles Harbor and Terminal Dist. v. Board of Trustees of the Galveston Wharves, 62 S.W.3d 237, 246 (Tex.App.-Houston 2001). In requesting and reviewing proposals for the gaming vessel, the Wharves undertook a governmental, not proprietary function. It had the power to "operate a port improvement or facility." TEX. TRANSP. CODE § 54.003(a). This power provided is "a public and governmental function." § 54.003(c). Further, facilitating the operation of a gaming vessel to raise revenue, and administering the berthing of vessels are "necessary or convenient for the proper operation of a port or harbor of the municipality." TEX. TRANSP. CODE § 54.002(3)(G). Accordingly, the Wharves are immune from any legal action for alleged fraud stemming from the exercise of this governmental function. Lake Charles, 62 S.W.3d at 246.

## III.

For the foregoing reasons, and based largely on the explanation offered by the district court, the judgment of the district court is

AFFIRMED.

4