AFFIRM; Opinion issued November 29, 2012



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00368-CV

## W. A. MCKINNEY, Appellant

## V.

## CITY OF CEDAR HILL, TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. cc-09-09303-B

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

This is a condemnation case. Defendant W. A. McKinney did not appear at trial, and the trial judge rendered judgment dismissing the case and adopting the special commissioners' report and award as the judgment of the court. McKinney appeals. In three issues, he complains of the trial judge's denial of his motion for continuance and argues that trial court lacked jurisdiction. We affirm.

### I. BACKGROUND

The City of Cedar Hill, Texas, filed an original petition for condemnation seeking to take two lots owned by McKinney. Special commissioners were appointed and, after a hearing at which both parties appeared, made an award of $233,500. McKinney filed an objection to the commissioners'

award.

The matter was set for trial on January 11, 2011. On McKinney's motion for continuance, the case was reset for July 18, 2011. McKinney filed a second motion for continuance, and the case was continued until December 5, 2011. In November 2011, someone named Roy Garland Boles filed a verified pro se motion for continuance on McKinney's behalf. Boles averred that he had power of attorney to represent McKinney in the matter. He also averred that McKinney's attorney was overworked and could not timely deal with the case, requiring McKinney to find another attorney. A few days later, McKinney's attorney filed a motion for leave to withdraw as counsel based on McKinney's disagreement with the attorney's handling of the case.

The case was called for trial on December 5, 2011. Boles appeared, but McKinney did not. After brief testimony from Boles and from McKinney's attorney, the trial judge orally granted the attorney's motion to withdraw. The judge explained that Boles could not file a motion for continuance on McKinney's behalf and could not represent McKinney at trial because Boles was not an attorney. After verifying that McKinney was not present, the trial judge signed the final judgment dismissing the case and adopting the special commissioners' award as the judgment of the court.

McKinney appealed pro se.

## II. ANALYSIS

McKinney raises three issues on appeal. In his first issue, he argues that the trial judge erred by denying his third motion for continuance. In his second and third issues, he argues that the trial court lacked jurisdiction to adjudicate the case based on certain alleged violations of the Texas Property Code. For the following reasons, we conclude his issues are without merit.

### A. Continuance

We review the denial of a motion for continuance for an abuse of discretion. *In re J.P.*, 365

-2-

S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.). Absence of counsel alone is not good cause for a continuance. *See* TEX. R. CIV. P. 253. In civil cases, a party relying on the absence of counsel as the ground for a continuance must show that his failure to be represented by counsel was not the result of his own fault or negligence. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *J.P.*, 365 S.W.3d at 836.

On this record, the trial judge did not act unreasonably or arbitrarily by denying McKinney's motion for continuance. McKinney's third motion for continuance, signed by someone who was not an attorney, contained only an averment that McKinney's counsel was "over worked and cannot timely deal with this case[,] mandating that another attorney be located to assist and represent [McKinney]." McKinney did not appear at trial, but Boles, who claimed to have power of attorney for McKinney, appeared and confirmed that he wanted to fire McKinney's attorney even after the trial judge informed Boles that he could not represent McKinney in court. No evidence was presented at the time of trial to show that McKinney was not negligent or at fault for being without an attorney at that time. The trial judge could reasonably conclude that McKinney had failed to prove that his lack of counsel was not the result of McKinney's own fault or negligence. Accordingly, the trial judge did not abuse his discretion by denying McKinney's motion for continuance. *See J.P.*, 365 S.W.3d at 836–37 (trial judge did not abuse discretion by denying continuance when movant had fired his attorney one month before trial); *LaChance v. Hollenbeck*, 695 S.W.2d 618, 620 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (trial judge did not abuse discretion by denying continuance when movant had fired his attorney four days before trial).

## B. Jurisdiction

McKinney's second issue on appeal is not entirely clear. In his statement of the issue, McKinney asserts that the trial court lacked jurisdiction because the City failed to comply with

section 21.0113 of the property code. In the body of his argument, he complains that the City's petition did not comply with section 21.0113, but he quotes section 21.012(a) and section 21.012(b)(6) in support. In any event, his issue is without merit. Section 21.0113 requires an entity with eminent-domain authority that desires to acquire real property for a public use to make a bona fide offer to the property owner. TEX. PROP. CODE ANN. § 21.0113(a) (West Supp. 2012). But this case was filed on December 9, 2009, and section 21.0113 applies only to condemnation proceedings filed on or after September 1, 2011. *See id.* historical note [Act of May 5, 2011, 82nd Leg., R.S., ch. 81, § 24, 2011 Tex. Sess. Law Serv. 354, 364 (West)]. Section 21.012(b)(6) also applies only to condemnation proceedings filed on or after September 1, 2011. *See* TEX. PROP. CODE ANN. § 21.012 historical note (West Supp. 2012) [Act of May 5, 2011, 82nd Leg., R.S., ch. 81, § 24, 2011 Tex. Sess. Law Serv. 354, 364 (West)]. Although section 21.012(a) existed prior to the filing of this lawsuit, it provided in pertinent part only that condemnation proceedings are commenced by the filing of a petition in the proper court. *See* TEX. PROP. CODE ANN. § 21.012(a) & historical note (West Supp. 2012) [Act of May 5, 2011, 82nd Leg., R.S., ch. 81, § 24, 2011 Tex. Sess. Law Serv. 354, 364 (West)]. The City filed a petition for condemnation at the commencement of this case, and McKinney has not shown any noncompliance with section 21.012(a).

McKinney's third issue suffers from the same flaw as his second issue. In his third issue, he argues that the trial court lacked jurisdiction because it failed to allow him to strike one of the special commissioners as authorized by section 21.014 of the property code. The provision allowing parties to strike a commissioner applies only to condemnation proceedings filed on or after September 1, 2011. *See* TEX. PROP. CODE ANN. § 21.014(a) & historical note (West Supp. 2012) [Act of May 5, 2011, 82nd Leg., R.S., ch. 81, § 24, 2011 Tex. Sess. Law Serv. 354, 364 (West)]. Thus, McKinney's third issue is without merit.

## III. DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.


KERRY P. FITZGERALD
JUSTICE

120368F.P05



005121

# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

W. A. MCKINNEY, Appellant

No. 05-12-00368-CV      V.

CITY OF CEDAR HILL, TEXAS, Appellee

Appeal from the County Court at Law No. 2 of Dallas County, Texas. (Tr.Ct.No. cc-09-09303-B).
Opinion delivered by Justice FitzGerald, Justices O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee City of Cedar Hill, Texas recover its costs of this appeal from appellant W. A. McKinney.

Judgment entered November 29, 2012.


KERRY P. FITZGERALD
JUSTICE