JOHN MERRYFIELD v. RICHARD WILLSON.

Where the defendant had contracted to convey to the plaintiff his headright certificate in Peters' Colony, at a time when such certificates were inalienable, it was held that the plaintiff could recover back the price paid.

Error from Ellis.

B. W. Stone, for plaintiff in error.

G. F. Moore, for defendant in error.

WHEELER, J. The case made by the petition is, that the plaintiff paid the defendant a certain sum of money in consideration that he would transfer to him his certificate as a colonist, in Peters' Colony, or procure for him a colonist's headright certificate; that the defendant had failed to perform his contract, and that he had, in fact no right to convey or trans-

fer ; and that he had fraudulently obtained from the plaintiff a certain sum of money, the sum paid for the certificate.

The defendant appears to have contracted to do an act which he did not possess the legal capacity to perform, certificates of the class which he contracted to transfer, or procure, not being assignable. (Hart. Dig. Art. 2241.) The plaintiff could not enforce specific performance of the contract, it is very clear. But he was entitled to recover back the money he had advanced upon the contract, upon the equitable principle on which the Common Law action for money had and received was maintained ; that is, that where one person has received money of another, which in honesty and good conscience he cannot retain, an action will lie by the party entitled, to recover it back ; or, as it has been expressed, in conformity with Lord Mansfield's view of the equitable nature of the action for money had and received, " when money is due *ex æquo et bono*, it may be recovered in an action of assumpsit," for money had and received. (2 Burr. 1005, 1012 ; 6 Jur. 283, 284 ; Chit. on Con. 522.) It is upon this principle, that money obtained by fraud is recoverable in an action for money had and received. (Id. 548.) " And so, when money has been paid as a consider-" ation for doing some act for the use of the plaintiff, and it ap-" pears that the defendant has undertaken what he could not " perform, and has thus imposed on the plaintiff, the latter may " at once sue the defendant for such money, although it was " agreed that it should be paid at a future time, in case of the " defendant failing to do what he had undertaken." (Id. 548-9; 2 Esp. 522.) Here the money had been paid as a consideration for doing an act for the use of the plaintiff, which the defendant could not perform. The contract was doubtless made in ignorance of the defendant's legal inability to perform the act. But when it was ascertained, the defendant was bound in equity and good conscience to refund the consideration money he had received. It was a fraud upon the plaintiff, to retain it ; and the plaintiff was entitled to his action to recover back the money, either as money obtained by fraud, or as the con-

sideration paid for doing an act for the use of the plaintiff, which the defendant could not perform.

The petition discloses a right of action to recover back the money paid for the certificate; and the prayer for general relief is sufficient to enable the Court to afford the appropriate relief. The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.