Dexter VICKORY, d/b/a Dexter Vickory Enterprises, Appellant,

v.

SUMMIT NATIONAL BANK, Appellee.

No. 2–85–144–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 29, 1986.

Danny Burns, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller, and Brian J. Branstetter, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

ASHWORTH, Justice.

Appellant appeals a judgment rendered against him in favor of appellee bank in a suit for a deposit erroneously credited to appellant's account by appellee.

Judgment affirmed.

The narrow question presented in this appeal is whether the two-year or four-year statute of limitations applies in a case where a bank erroneously credits a depositor's account and the credit is then withdrawn by the depositor. We hold the four-year statute applies.

A bank customer prepared a $10,000.00 deposit to his account. The bank misread the account number and the deposit was credited to appellant's account which had a similar number. After several months, appellant withdrew all funds in his account including the $10,000.00. Action to recover was taken by the bank after the running of the two-year statute of limitations but before the running of the four-year statute. All events occurred after the amendment of TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon Supp.1985), *repealed by* Act of June 16, 1985, ch. 959, sec. 9(1), 1985 Tex. Sess.Law Serv. 7043, 7218 (Vernon) (presently located at TEX.CIV.PRAC. & REM. CODE ANN. sec. 16.004 (Vernon Pamp 1986)), which eliminated the provision that suits on debt be founded upon a contract in writing. *See* Law of Feb. 5, 1841, 1841 Tex.Gen.Laws 163, 2 H. GAMMEL, LAWS OF TEXAS 627 (1898).

Appellant contends in his sole point of error that the bank's cause of action is barred by the running of the two-year statute of limitations, TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.003 (Vernon Pamp.1986). Such article provides in part that actions for detaining the personal property of another, and for converting such property to one's uses shall be commenced within two years of the accrual of the cause of action. Appellant argues that his action in withdrawing the $10,000.00 was a conversion of the funds. We reject such argument.

While it is true that in a sense, appellant converted the funds to his own use, his action in doing so created an indebtedness by him to the bank, bringing the bank's cause of action under sec. 16.004. Such article provides in part that actions for debt shall be commenced within four years of the accrual of the cause of action.

It is elementary that the relationship of debtor and creditor exists between the bank and its depositor. 9 TEX.JUR.3d *Banks* sec. 153 (1980). Such relationship existed between appellant and appellee, and even though the erroneous credit actually changed the status of appellant from a creditor to a debtor, the relationship of debtor-creditor continued to exist. Appellee's cause of action is for debt and is governed by sec. 16.004, the four-year statute. Appellant's point of error is overruled.

Appellee has presented a cross-point of error contending this appeal has been prosecuted for delay only and that appellee is entitled to recover 10% of the amount in dispute as damages. We hold there was sufficient cause for appellant to prosecute his appeal and it was not done only for delay. Appellee's cross-point is overruled.

Judgment affirmed.