AMOCO PRODUCTION COMPANY,
Appellant,

v.

Evelyn SMITH and Gary W. Harvey, Individually and as Independent Executor of the Estate of Herbert W. Smith, Appellees.

No. 08–96–00276–CV.

Court of Appeals of Texas,
El Paso.

May 15, 1997.

Rehearing Overruled June 18, 1997.

John A. 'Jad' Davis, Holly Beth Williams, Turner & Davis, Midland, for Appellant.

James R. Caton, Seminole, for Appellees.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

Amoco Production Company appeals the trial court's ruling that its suit for return of funds based on unjust enrichment and money had and received, pursuant to an implied or constructive contract, was limited by the two-year, rather than four-year, statute of limitations. Amoco also challenges the trial court's refusal to award attorney's fees. We reverse and remand in part.

## FACTS

The parties stipulated all relevant facts. Both Herbert W. Smith and Huling W. Smith owned oil and gas interests and received royalty payments from Amoco. Both men were listed in Amoco's records as H.W. Smith. In 1985, Amoco mistakenly started sending Herbert W. Smith payments for both his and Huling W. Smith's properties. Herbert W. Smith died in August 1987 and Amoco then paid the revenue checks to his estate. Following July of 1989, the revenue payments were split between appellees, as equal devisees under Herbert W. Smith's will. Amoco realized its error in late 1992 and stopped the erroneous payments. Amoco has since fully reimbursed Huling W. Smith's devisees for the payments mistakenly paid to Herbert W. Smith's account.

Appellees acknowledge they received royalty payments to which they were not entitled. The only disputed issues are whether the controversy is governed by the two-year or four-year statute of limitations, and whether Amoco is entitled to attorney's fees.

### Statute of Limitations

The trial court made the following conclusions of law:

1. The payments made by Plaintiff was [sic] a unilateral act of negligence.

2. The Plaintiff cannot recover under theories of contract or quasi-contract because even though it could be said that there was a contractual relationship with Herbert W. Smith as to oil and gas revenues that he owned, there is no evidence that a contractual relationship existed as to the properties of Huling W. Smith and the properties he owned, nor did the Defendants have any knowledge of Huling W. Smith, and no contractual relationship between Plaintiff and Defendants existed as to those properties of Huling W. Smith.

3. The facts pleaded and the evidence supported a verdict in favor of Plaintiff for Money Had and Received, and the two-year Statute of Limitations Applied.

We agree with the trial court's conclusion that the verdict for appellant was premised on a cause of action for money had and received. We find, however, that the trial court misunderstood the nature of such an action in concluding that appellant could not recover on a theory of quasi-contract, and

therefore in applying the two-year statute of limitations.

■ An action for money had and received arises when the defendant obtains money which in equity and good conscience belongs to the plaintiff. *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex.App.—Austin 1987, writ denied); *Staats v. Miller,* 150 Tex. 581, 243 S.W.2d 686, 687 (1951). This action is not premised on wrongdoing, but looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another. *Greer v. White Oak State Bank,* 673 S.W.2d 326, 329 (Tex.App.—Texarkana 1984, no writ). A cause of action for money had and received belongs conceptually to the doctrine of unjust enrichment. *Burlington Northern R.R. Co. v. Southwestern Elec. Power Co.,* 925 S.W.2d 92, 101 n. 5 (Tex.App.—Texarkana 1996, no writ)(opin. on rehearing).

■ Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits under circumstances which give rise to an implied or quasi-contractual obligation to return the benefits. *City of Corpus Christi v. Heldenfels Bros., Inc.,* 802 S.W.2d 35, 40 (Tex.App.—Corpus Christi 1990), *affm'd,* 832 S.W.2d 39 (Tex.1992); *Burlington Northern R.R. Co.,* 925 S.W.2d at 96–97; *LaChance v. Hollenbeck,* 695 S.W.2d 618, 620 (Tex.App.—Austin 1985, writ ref'd n.r.e.)(unjust enrichment belongs to the measure of damages known as quasi-contract or restitution). The unjust enrichment doctrine applies the principles of restitution to disputes which are not governed by a contract between the contending parties. *Burlington Northern R.R. Co.,* 925 S.W.2d at 96–97, 42 C.J.S. IMPLIED AND CONSTRUCTIVE CONTRACTS § 5 (1991)(when defendant has been unjustly enriched in circumstances not governed by contract, the law implies a contractual obligation to restore the benefits to the plaintiff). The law of restitution for unjust enrichment developed from the form of action known as assumpsit. *City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.,* 830 S.W.2d 313, 317–18 (Tex.App.—Austin 1992, no writ).

General Assumpsit was an action brought on a promise or contract implied by law. It was founded on what the law terms an implied promise to pay what in good conscience defendant was bound to pay the plaintiff. BLACK'S LAW DICTIONARY 112 (5th ed.1979). Money had and received was a common count in general assumpsit to restore money where equity and good conscience required refund. Under such a count, recovery did not depend on the parties' agreement or intent but rather the law's presumption of a promise of compensation if one receiving another's money would thereby be unjustly enriched. *Id.* This is a quasi-contractual action involving an implied promise and leading to a claim of debt. *See Williams v. Khalaf,* 802 S.W.2d 651, 656 (Tex.1990). The implied contract action for money had and received is a cause of action for debt not evidenced by a writing.

■ Before 1979, Texas had two statutes of limitations that specifically applied to debts. The two-year statute, codified in its amended form at TEX.CIV.PRAC. & REM.CODE ANN. § 16.003,[1] applied to "actions for debt where the indebtedness is not evidenced by a contract in writing." TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1925). The four-year statute, codified in its amended form at TEX.CIV. PRAC. & REM.CODE ANN. § 16.004,[2] applied to "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon 1925); 1841 Tex.Gen.Laws 163, 2 H. GAMMEL, LAWS OF TEXAS 627. *Williams,* 802 S.W.2d at 656. Courts have consistently held an action for unjust enrichment subject to the two-year statute of limitations. *See e.g. Hornblower & Weeks–Hemphill, Noyes, Inc. v. Crane,* 586 S.W.2d 582, 587 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.); *City of Austin v. North Austin State Bank,* 631 S.W.2d 564, 565–66 (Tex.App.—Austin 1982, no writ); *Coastal States Gas Producing Company v. Hamilton,* 553 S.W.2d 659 (Tex. Civ.App.—El Paso 1977, no writ). In 1979, however, the Legislature amended the statutes to eliminate the distinction between

---

1. Formerly article 5526 of the Revised Civil Statutes.

2. Formerly article 5527 of the Revised Civil Statutes.

debts evidenced by a writing and other debts, and to list all actions for debt under the four-year statute.[3] Act of June 13, 1979, 1979 Tex.Gen.Laws 1768; *Williams,* 802 S.W.2d at 657. Thus, we conclude that money had and received is an action for debt, governed by the four-year statute of limitations. *See Stone v. First City Bank of Plano, N.A.,* 794 S.W.2d 537, 542–43 (Tex.App.—Dallas 1990, writ denied)[4] (in an action for money had and received the statute of limitations governing actions on implied contracts is applicable); *Peerless Ins. Co. v. Texas Commerce Bank–New Braunfels,* 791 F.2d 1177, 1179 (5th Cir.1986)(the common law provides a cause of action for money had and received with a four-year statute of limitations); *Vickory v. Summit National Bank,* 702 S.W.2d 324 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

■ The Fort Worth Court of Appeals confronted a situation similar to this in *Vickory v. Summit National Bank.* There, a bank erroneously credited a depositor's account with $10,000. The depositor then withdrew all funds from his account including the $10,000 erroneously credited. *Id.* at 324. The bank sued to recover the overpayment after the two-year statute of limitations had run, but before the running of the four year period. *Id.* The Fort Worth Court of Appeals held this was an action for debt governed by the four-year statute of limitations. The court premised its holding on the debtor-creditor relationship that existed between the bank and its depositor. *Id.* at 325. The court recognized that the overpayment reversed the roles, making the depositor the debtor and the bank the creditor. *Id.* Similarly, lessee Amoco is obligated to pay lessor Herbert W. Smith's estate royalties, creating a debtor-creditor relationship. The overpayment to Herbert W. Smith created a debt in favor of Amoco that is governed by the four-year statute of limitations. We sustain Amoco's Point of Error One.

### Attorney's Fees

■ In its second point of error, Amoco urges that the trial court should have granted it an award of attorney's fees. As a general rule, in Texas each party must compensate his or her own attorney. *Base–Seal, Inc. v. Jefferson County, Texas,* 901 S.W.2d 783, 785 (Tex.App.—Beaumont 1995, writ denied); *Turner v. Turner,* 385 S.W.2d 230, 233 (Tex.1964). Courts will grant recovery of attorney's fees from an opposing party, however, when a statute authorizes such recovery or an agreement between the parties provides for it. *Base–Seal,* 901 S.W.2d at 785; *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914, 915 (Tex. 1967).

■ Courts have uniformly held that any award of attorney's fees, pursuant to statute or under common law, is within the discretion of the trial court. Absent a showing of an abuse of discretion, the award or failure to award fees will not be disturbed on appeal. *Simms v. Lakewood Village Property Owners Ass'n, Inc.,* 895 S.W.2d 779, 787 (Tex. App.—Corpus Christi 1995, no writ); *Houston Lighting & Power Co. v. Dickinson Indep. School Dist.,* 641 S.W.2d 302, 311 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Fowler v. Stone,* 600 S.W.2d 351, 353 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Stegall v. Stegall,* 571 S.W.2d 564, 566 (Tex.Civ.App.—Fort Worth 1978, no writ).

■ TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 lists those claims upon which an attorney's fee award may be predicated. It expressly provides for recovery of attorney's fees in suits founded on an oral or written

---

3. § 16.004 **Four–Year Limitations Period**

    (a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:

      .     .     .     .

    (3) debt.

4. There is conflicting authority on the appropriate period of limitation for money had and received and unjust enrichment. In *Cherokee Water Co. v. Advance Oil & Gas Co.,* 843 S.W.2d 132, 135 (Tex.App.—Texarkana 1992, writ denied), the court, without explanation, citing cases decided before the amendment of TEX.REV.CIV.STAT. ANN. arts. 5526 and 5527 stated that the two-year statute of limitations applied to actions for unjust enrichment and money had and received. However, the holding in the case was not dependent on this assertion. The cause of action in that case accrued more than four years before suit was filed.

contract.[5] TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8)(Vernon 1986). Amoco's claim here, however, is based on implied or quasi-contract. As appellant pointed out in its brief, an implied contract is a legal fiction and not a true contractual obligation at all. *Ferrous Products Co., Inc. v. Gulf States Trading Co. Inc.,* 160 Tex. 399, 332 S.W.2d 310, 312 (1960). An award of attorney's fees in such a case may under some circumstances be appropriate, but we find it to be within the discretion of the trial court. Here, the overpayment to appellees was due to Amoco's own error rather than a breach or any wrongdoing on the part of appellees. We do not find that the trial court abused its discretion by refusing to award attorney's fees to Amoco. Amoco's Point of Error Two is overruled.

## CONCLUSION

The judgment of the trial court is reversed as to the application of the statute of limitations, and affirmed as to the refusal to award attorney's fees. We remand to the trial court for a determination of the principal amount and interest due under the four-year statute of limitations.

---

**5.** § 38.001. **Recovery of Attorney's Fees**

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

. . . . .

(8) an oral or written contract.