**FRIBERG–COOPER WATER SUPPLY CORPORATION, Appellant,**

v.

**Bobby ELLEDGE d/b/a Elledge Construction Company and/or Elledge Construction Company, Appellees.**

No. 2–05–203–CV.

Court of Appeals of Texas, Fort Worth.

June 22, 2006.

James A. Rasmussen, Wichita Falls, for Appellant.

Morrison & Shelton and Lonny D. Morrison, Wichita Falls, for Appellee.

Panel B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

ANNE GARDNER, Justice.

The issue presented is what statute of limitations governs a claim for unjust enrichment. Appellant Friberg–Cooper Water Supply Corporation is a non-profit quasi-governmental agency that furnishes water to its members in rural areas.[1] Friberg–Cooper sued Appellee Bobby Elledge, alleging that Friberg–Cooper paid invoices submitted by Elledge for insurance and equipment in connection with a contract for improvements. Friberg–Cooper contended that the contract was actually with Wichita County and that the terms of the contract provided that Elledge would supply his own insurance and equipment. Friberg–Cooper alleged that it was entitled to "restitution" because Elledge would be "unjustly enriched" if he were allowed to retain the monies or the benefit of the payments.

Friberg–Cooper filed its suit within four years but more than two years after the payments. The trial court granted a traditional summary judgment in favor of Elledge on limitations grounds, applying the two-year statute of limitations contained in Section 16.003 of the Texas Civil Practice and Remedies Code.[2] Friberg–Cooper raises one issue: it contends that the trial court erred in applying the two-year statute of limitations because the four-year statute applies to a claim of unjust enrichment.

Friberg–Cooper acknowledges that, traditionally, the two-year statute of limitations has governed claims for unjust enrichment. However, Friberg–Cooper relies upon more recent cases, most significantly a decision by the El Paso Court of Appeals in *Amoco Production Co. v. Smith*, holding that the four-year statute of limitations applies to unjust enrichment claims.[3] These holdings followed the 1979 amendments to the civil practice and remedies code which eliminated the distinction between debts evidenced by a contract in writing and other debts.[4]

Before 1979, two statutes of limitations applied to debts. The two-year statute, former article 5526 which is now codified in its amended form as section 16.003 of the civil practice and remedies code, applied to actions for debts that were "not evidenced by a contract in writing."[5] The four-year statute, former article 5527 which is now codified in its amended form as section 16.004 of the civil practice and remedies code, applied to actions for debts that were "evidenced by or founded upon any contract in writing."[6] However, in 1979, the Legislature amended the statutes

---

1. TEX. WATER CODE ANN. §§ 67.001–.017 (Vernon 2004), §§ 67.051–.056 (Vernon Supp. 2005).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2005).

3. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164–65 (Tex.App.-El Paso 1997, no writ); *see also Vickory v. Summit Nat'l Bank*, 702 S.W.2d 324, 324 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e.).

4. Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 1, 1979 Tex. Gen. Laws 1768, 1768–69 *repealed by* Act of Sept. 1, 1985, 69th Leg.

R.S., ch. 959, § 1, Tex. Gen. Laws 3244, 3252 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2005), § 16.004 (Vernon 2002)).

5. Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 1, 1979 Tex. Gen. Laws 1768, 1768–69 *repealed by* Act of Sept. 1, 1985, 69th Leg. R.S., ch. 959, § 1, Tex. Gen. Laws 3244, 3252 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2005)).

6. Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 2, 1979 Tex. Gen. Laws 1768, 1769 *repealed by* Act of Sept. 1, 1985, 69th Leg.

to eliminate the distinction between debts evidenced by a writing and other debts, listing all actions for debt under the four-year statute.[7]

Some courts of appeals have nevertheless continued to apply the two-year statute of limitations to unjust enrichment claims after the 1979 amendments.[8] In particular, Elledge points to language of the Supreme Court of Texas in *HECI Exploration Co. v. Neel*, that states: "The court of appeals correctly observed, and the Neels concede, that absent application of the discovery rule, ... a two year statute would bar the claim[ ] for unjust enrichment...." [9]

Stopping short of urging that the language constitutes binding precedent, Elledge suggests that the opinion in *HECI* reflects, "at a minimum," that the plaintiffs, the court of appeals, and the supreme court all considered that the two-year statute governed claims for unjust enrichment. We agree with Friberg–Cooper's characterization of the language as dictum. Both the two-year and the four-year statutes had expired when suit in *HECI* was filed. Therefore, it was unnecessary to determine which statute applied. Moreover, the court disposed of the unjust enrich-

ment claim on a different ground, holding that HECI had neither profited nor benefitted at the expense of the royalty owners.[10]

In a case that followed *HECI*, *Wagner & Brown, Ltd. v. Horwood*, the supreme court acknowledged that it had "noted" in *HECI* that the two-year statute applied to claims for unjust enrichment.[11] The supreme court did not reach or decide the issue of which statute applied; instead, it held that *Wagner & Brown*, as the appellee in the court of appeals, waived any statute of limitations claim because it failed to file a separate notice of appeal.[12] The court's use of the term "noted" to describe its previous statement in *HECI* reinforces our conclusion that the court did not consider its statement in *HECI*—regarding the applicable statute of limitations-as even being *judicial dictum*.[13]

As Friberg–Cooper points out, the only case cited by the supreme court in *HECI* is the *Cherokee Water* case.[14] Those courts of appeals that have held that the two-year statute still applies to a claim for unjust enrichment after the 1979 amendments have also merely cited either *Cherokee Water* or *HECI*, which in turn cited *Cherokee Water*; and the courts cited

R.S., ch. 959, § 1, Tex. Gen. Laws 3244, 3252 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 2002))

**7.** *Id.*

**8.** *See Mowbray v. Avery*, 76 S.W.3d 663, 691 n. 48 (Tex.App.-Corpus Christi 2002, pet. denied); *Tanglewood Terrace, Ltd. v. City of Texarkana*, 996 S.W.2d 330, 342 (Tex.App.-Texarkana 1999, no pet.); *Autry v. Dearman*, 933 S.W.2d 182, 190 (Tex.App.-Houston [14th Dist.] 1996, writ denied); *Cherokee Water Co. v. Advance Oil & Gas Co.*, 843 S.W.2d 132, 135 (Tex.App.-Texarkana 1992, writ denied).

**9.** 982 S.W.2d 881, 885 (Tex.1998) (citing *Cherokee Water Co.*, 843 S.W.2d at 135).

**10.** *Id.* at 891–92.

**11.** *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737–38 (Tex.2001).

**12.** *Id.*

**13.** Dictum is not binding as precedent. *See Lester v. First Am. Bank, Bryan, Tex.*, 866 S.W.2d 361, 363 (Tex.App.-Waco 1993, writ denied). However, a statement characterized as "judicial dictum," rather than "obiter dictum," is a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, and is "at least persuasive and should be followed unless found to be erroneous." *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex.1964).

**14.** *HECI*, 982 S.W.2d at 885.

those cases without analysis or discussion.[15] Furthermore, *Cherokee Water* itself only cited to cases that held that the pre–1979 version of the two-year statute of limitations applied to actions for debts not evidenced by a writing, such as suits for money had and received or suits for unjust enrichment.[16] Neither the court in *Cherokee Water*, nor any of the subsequent cases that held that the two-year statute continues to apply to unjust enrichment, addressed the 1979 amendments. Finally, the statement that the two-year statute applied was not even necessary to the opinion in *Cherokee Water* because the cause of action in that case, as in *HECI*, had accrued more than four years before the suit was filed.[17]

The El Paso Court of Appeals, in *Amoco Production Co.*, tracked the history of unjust enrichment as arising out of "assumpsit" and as constituting a claim for "debt"; the court concluded that unjust enrichment is now governed by the four-year statute of limitations for debts.[18] In reaching its conclusion, the *Amoco Production Co.* court followed the same approach applied by the supreme court in *Williams v. Kha-*

*laf*, in which the supreme court held that, after the 1979 amendments, a cause of action for fraud is an action for "debt" governed by the four-year statute of limitations.[19]

In *Williams*, the supreme court observed that the modern action for fraud "developed as a quasi-contractual cause of action through assumpsit as a hybrid of the common law actions for debt and account."[20] The court characterized this right of action for payment of money based on fraudulent representation as an example of "the equitable principle which lies at the foundation of the great bulk of quasi-contracts, namely, that one person shall not unjustly enrich himself at the expense of another."[21] In *Williams*, the court acknowledged that it previously had held that the two-year statute set forth in former article 5526 applied to an action for fraud and deceit.[22] However, as the court pointed out, the 1979 amendments to both the two- and the four-year statutes eliminated the distinction between debts evidenced by a writing and all other debts: the statute listed all actions for "debt" under the four-year statute.[23] Classifying

---

15. See *Mowbray*, 76 S.W.3d at 691 n. 48 (citing *HECI*, 982 S.W.2d at 885); *Tanglewood Terrace, Ltd.*, 996 S.W.2d at 342 (citing *Cherokee Water*, 843 S.W.2d at 135); *Autry*, 933 S.W.2d at 190, n. 7 (citing *Cherokee Water*, 843 S.W.2d at 135).

16. *City of Beaumont v. Moore*, 146 Tex. 46, 202 S.W.2d 448, 452, (1947) (holding suit on contract implied in law-seeking recovery "for money had and received"—barred by two-year statute, art. 5526); *Hornblower & Weeks-Hemphill, Noyes, Inc. v. Crane*, 586 S.W.2d 582, 587 (Tex.Civ.App.-Corpus Christi 1979, writ ref'd n.r.e.) (holding two-year statute applied to action based on equitable principles such as recovery of money paid under mistake or unjust enrichment); *Western Inn Corp. v. Heyl*, 452 S.W.2d 752, 762 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n.r.e.) (holding action, whether characterized as fraud or as based upon a contract not in writing, is governed by two-year statute, art. 5526).

17. See *Amoco Prod. Co.*, 946 S.W.2d at 164–65, n. 4.

18. *Id.* at 164–65.

19. 802 S.W.2d 651, 656 (Tex.1990).

20. *Id.*

21. *Id.* (quoting 3 W. HOLDSWORTH, A HISTORY OF ENGLISH LAW 427–28 (5th ed.1942)).

22. *Id.* at 657.

23. *Id.*; Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 2, 1979 Tex. Gen. Laws 1768, 1768–69 *repealed by* Act of Sept. 1, 1985, 69th Leg. R.S., ch. 959, § 1, Tex. Gen. Laws 3244, 3252 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002)).

fraud as a species of "debt" for limitations purposes, the court concluded that section 16.004, the four-year statute of limitations for debt, now applies to a cause of action for fraud; and, that section 16.003 "no longer has the classification we have held to include fraud."[24]

Similarly, the El Paso Court of Appeals in *Amoco Production Co.* traced the development of unjust enrichment for limitations purposes. The court first determined that a claim for money had and received "belongs conceptually to the doctrine of unjust enrichment."[25] Second, the court noted that the term "unjust enrichment" characterizes the result of a party's failure to make restitution for benefits received under circumstances that give rise to a quasi-contractual obligation to return those benefits.[26] Third, the court observed that the law of restitution for unjust enrichment developed from assumpsit[27]: "Money had and received" was a common count in general assumpsit in which recovery was based on the law's presumption of a promise of compensation if one receiving another's money would thereby be unjustly enriched.[28] Such an action is quasi-contractual because it involves an implied promise that leads to a claim of debt; thus, the implied contract action for money had and received is an action "for debt not evidenced by a writing."[29]

■ Having traced the history of unjust enrichment back to the action for assumpsit and having determined that unjust enrichment constitutes a claim for "debt," the El Paso court concluded that unjust enrichment is now governed by the four-year statute of limitations for all actions for "debt."[30] We agree with our sister court that, because the 1979 amendments eliminated the distinction between debts not evidenced by a writing and other debts, and thereby made all actions for debt subject to the four-year statute of limitations, an action seeking restitution for unjust enrichment is an action for "debt" now governed by the four-year statute.[31]

Elledge contends that the El Paso court's decision in *Amoco Production Co.*, as well as our own decision in *Vickory*, which has the same effect,[32] are distinguishable from the current case because *Amoco Production Co.* and *Vickory* involved claims for money had and received, where money was mistakenly paid between parties having an existing debtor-creditor relationship, and where the defendants acknowledged that they were not entitled to retain the benefits received. Elledge distinguishes the present suit claiming that it is a general claim for unjust enrichment, similar to *Cherokee Water*, with no pleadings or proof by Friberg–Cooper of an existing debtor-creditor relationship, that the money was paid by mistake, or that the defendant has acknowledged he is not entitled to retain the funds. However, we fail to see a meaningful distinction.

■ An action for money had and received may be maintained *to prevent unjust enrichment* when one person obtains money that in equity and good conscience belongs to another.[33] An action for money

---

**24.** *Williams,* 802 S.W.2d at 657.

**25.** *Amoco Prod. Co.,* 946 S.W.2d at 164.

**26.** *Id.*

**27.** *Id.* (citing *City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.,* 830 S.W.2d 313, 317–18 (Tex.App.-Austin 1992, no writ)).

**28.** *Id.*

**29.** *Id.*

**30.** *Id.* at 164–65.

**31.** *Id.* at 165.

**32.** *See Vickory,* 702 S.W.2d at 324.

**33.** *Staats v. Miller,* 150 Tex. 581, 243 S.W.2d 686, 687 (1951) (holding that the only thing that needs to be proven "is that defendant holds money which in equity and good conscience belongs to [the plaintiff]"); *Everett v.*

had and received is " 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which ... belongs to the plaintiff.' " [34]

■■■ Unjust enrichment, itself, is not an independent cause of action but rather "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." [35] The doctrine applies the principles of restitution to disputes where there is no actual contract, based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution. [36] Thus, an action for money had and received is a doctrine applied to prevent unjust enrichment. [37] That Friberg–Cooper did not use the magic words "money had and received" as the basis for asserting that Elledge was unjustly enriched is not fatal. Courts now focus on the facts alleged and the recovery sought to categorize an action as one for money had and received or for restitution. [38]

The doctrine of unjust enrichment was originated by Lord Mansfield in the celebrated decision, *Moses v. Macferlan*. [39] In that case, the common count of *indebitatus assumpsit* for money had and received, originally an action for debt, was expanded to require a defendant to *refund money* received by him, based upon an obligation implied in law by "the ties of natural justice" and "equity." [40] Development of the theory of unjust enrichment culminated in publication of the Restatement of Restitution in 1937. [41] Claims for restitution for unjust enrichment, like money had and received, arose out of assumpsit and are based upon quasi-contract; thus, these claims are properly characterized as based on a debt not evidenced by a writing. [42]

*TK–Taito, L.L.C.,* 178 S.W.3d 844, 860 (Tex. App.-Fort Worth 2005, no pet.).

**34.** *Staats,* 243 S.W.2d at 687–88 (quoting *United States v. Jefferson Elec. Mfg. Co.,* 291 U.S. 386, 391, 54 S.Ct. 443, 449, 78 L.Ed. 859 (1934)); *Everett,* 178 S.W.3d at 860 (citing *Amoco Prod. Co.,* 946 S.W.2d at 164); *see Merryfield v. Willson,* 14 Tex. 224, 224 (1855) (holding action for money had and received would lie to recover funds paid either as money paid by fraud or as consideration for act the defendant was unable to perform).

**35.** *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex.App.-Dallas 2006, no pet. hist.); *Amoco Prod. Co.,* 946 S.W.2d at 164; *City of Corpus Christi v. Heldenfels Bros., Inc.,* 802 S.W.2d 35, 40 (Tex.App.-Corpus Christi 1990), *aff'd,* 832 S.W.2d 39 (Tex.1992).

**36.** *Mowbray,* 76 S.W.3d at 679–80, 680 n. 25; *see also Oxford Fin. Cos. v. Velez,* 807 S.W.2d 460, 465 (Tex.App.-Austin 1991, writ denied).

**37.** *See London v. London,* 192 S.W.3d 6, 13 (Tex.App.-Houston [14th Dist.] 2005, pet. filed).

**38.** *Tri-State Chems., Inc. v. W. Organics, Inc.,* 83 S.W.3d 189, 194, 199 (Tex.App.-Amarillo 2002, pet. denied) (equating, regardless of label, action to recover for money had and received, money unjustly retained, and unjust enrichment, all arising out of "assumpsit," when each claim was for restitution for property wrongfully taken and transferred to a third person).

**39.** 97 Eng. Rep. 676 (K.B.1760).

**40.** *Id.; see Stone v. White,* 301 U.S. 532, 534, 57 S.Ct. 851, 852, 81 L.Ed. 1265 (1937) (recognizing origin of unjust enrichment); *see generally* Ames, *The History of Assumpsit,* 2 Harv. L.Rev. 1, 53 (1888).

**41.** *See* Restatement of Restitution § 1 (1937) (stating simply: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other.").

**42.** *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex.2000).

Elledge cites no authority distinguishing between unjust enrichment and money had and received for limitations purposes.

 Moreover, Elledge's motion for summary judgment presented as its sole ground that Elledge was entitled to judgment as a matter of law on his affirmative defense of limitations based on Friberg–Cooper's pleadings.[43] Elledge had the burden to demonstrate that Friberg–Cooper's claim was barred by limitations as a matter of law; Friberg–Cooper did not have the burden to bring forward summary-judgment proof to support its claim.[44] Furthermore, Friberg–Cooper's failure to plead a debt based upon payment by mistake is not a proper basis for summary judgment. When a party moves for summary judgment on the basis of the nonmovant's pleadings, he must accept all facts and inferences in the pleadings as true and in the light most favorable to the nonmovant.[45] Any pleading defect must appear to be incurable by amendment of the pleadings.[46] Elledge did not specially except to Friberg–Cooper's pleadings, which expressly sought the remedy of restitution based upon the theory of unjust enrichment.

## CONCLUSION

We hold that Friberg's claim for restitution based upon unjust enrichment is a suit founded on a debt not evidenced in writing and is thereby subject to the four-year statute of limitations. We sustain Friberg–Cooper's issue. We reverse the summary judgment and remand this cause to the trial court for further proceedings.

WALKER, J. filed a dissenting opinion.

SUE WALKER, Justice, dissenting.

I respectfully dissent. Appellant Friberg–Cooper Water Supply Corporation sued Appellee Bobby Elledge for unjust enrichment. The trial court granted summary judgment for Elledge on limitations grounds, applying the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 2002). In two issues, Friberg–Cooper claims that the trial court erred by applying the two-year statute of limitations and claims that the four-year statute of limitations is applicable to a claim for unjust enrichment.

Friberg–Cooper acknowledges that, traditionally, a two-year statute of limitations has governed claims for unjust enrichment. Friberg–Cooper points out, however, that following the 1979 amendments to the civil practice and remedies code, which eliminated the distinction between debts evidenced by a writing and other debts, some courts of appeals held that the four-year statute of limitations became applicable to unjust enrichment claims. *See Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164–65 (Tex.App.-El Paso 1997, no writ); *Vickory v. Summit Nat'l Bank*, 702 S.W.2d 324, 324 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e.). These courts did indeed apply a four-year statute to unjust enrichment claims. Other courts of appeals however nonetheless continued to apply the two-year statute of limitations to unjust enrichment claims. *See, e.g., Cherokee Water Co. v. Advance Oil & Gas Co.*, 843 S.W.2d 132, 135 (Tex.App.-Texarkana 1992, writ denied). The Texas Supreme Court resolved this issue in *Wagner & Brown, Ltd. v. Horwood,* when it acknowledged that the courts of appeals were divided about the

---

**43.** TEX.R. CIV. P. 166a(a).

**44.** *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

**45.** *Lewis v. Skippy's Mistake Bar,* 944 S.W.2d 1, 5 (Tex.App.-Fort Worth 1996), *rev'd on other grounds sub nom. Southland Corp. v. Lewis,* 940 S.W.2d 83 (Tex.1997).

**46.** *Id.*

appropriate limitations period for unjust enrichment claims and indicated that in *HECI* it had noted that a two-year statute governs unjust enrichment claims. *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 737 (Tex.2001) (citing *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 886 (Tex. 1998)); *see also Mobil Producing Tex. & N.M., Inc. v. Cantor,* 93 S.W.3d 916, 919 (Tex.App.-Corpus Christi 2002, no pet.) (citing *HECI* and holding that the trial court did not err by applying two-year statute to unjust enrichment claim); *Mowbray v. Avery,* 76 S.W.3d 663, 691 n. 48 (Tex.App.-Corpus Christi 2002, pet. denied) (same). Because this court is bound by the supreme court's precedent in *Wagner & Brown* and *HECI,* I would overrule Friberg–Cooper's first issue. Because the majority does not, I respectfully dissent.