**Bobby ELLEDGE d/b/a Elledge Construction Company and/or Elledge Construction Company, Petitioner,**

v.

**FRIBERG–COOPER WATER SUPPLY CORPORATION, Respondent.**

No. 06–0677.

Supreme Court of Texas.

Aug. 24, 2007.

Rehearing Denied Dec. 21, 2007.

Lonny D. Morrison, Morrison & Shelton, Wichita Falls TX, William J. Boyce, Fulbright & Jaworski L.L.P., Houston, O. Rey Rodriguez, Fulbright & Jaworski L.L.P., Dallas TX, for Petitioner.

James A. Rasmussen, Rasmussen Law Office, Wichita Falls, TX, for Respondent.

PER CURIAM.

This case reaffirms that unjust enrichment claims are governed by the two-year statute of limitations.

In August 2000, Wichita County contracted with petitioner Bobby Elledge to improve waterline service to its rural residents, including members of respondent Friberg–Cooper Water Supply Corporation. Although the contract required Elledge to provide his own insurance and equipment, he nevertheless submitted invoices for these items to Friberg–Cooper, which promptly and voluntarily paid them despite not being a party to the contract.

On August 30, 2004, more than two years but less than four years after the final invoice payment, Friberg–Cooper sued Elledge, seeking restitution under an unjust enrichment theory. The trial court granted Elledge summary judgment, ruling that the claim was barred by the two-

year statute of limitations applicable to suits for "conversion of personal property" or "taking or detaining the personal property of another." TEX. CIV. PRAC. & REM. CODE § 16.003(a). A divided court of appeals reversed, holding that unjust enrichment claims are instead governed by the four-year limitations period applicable to suits on "debt." 197 S.W.3d 826, 833 (relying on TEX. CIV. PRAC. & REM.CODE § 16.004(a)(3)). The court of appeals dismissed as dicta our two earlier decisions stating that the two-year limitations period applies to unjust enrichment claims. *Id.* at 829; *see Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 737 (Tex.2001); *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 885 (Tex.1998).

We have indeed twice addressed today's question, and twice indicated that unjust enrichment claims fall under section 16.003. First, in *HECI* we wrote: "The court of appeals correctly observed [that] a two-year statute would bar the claim for unjust enrichment." 982 S.W.2d at 885. Three years later, in *Wagner & Brown,* we acknowledged the lingering split among courts of appeals over which limitations period applied and referenced "our *HECI* opinion in which we noted that a two-year statute governed unjust enrichment claims." 58 S.W.3d at 737.

The court of appeals in the instant case characterized our limitations discussion in these two cases as non-binding "obiter dictum" and said our language fell short of more authoritative "judicial dictum" that is articulated "very deliberately after mature consideration." 197 S.W.3d at 829 & n. 13 (citing *Palestine Contractors, Inc. v. Per-*

kins, 386 S.W.2d 764, 773 (Tex.1964)). Addressing our 1998 decision in *HECI,* the court of appeals said that it was unnecessary to decide which statute applied since both limitations periods had already expired. *Id.* at 829. As for our 2001 decision in *Wagner & Brown,* the court of appeals said that even though in that case we "noted" our earlier statement in *HECI* that the two-year statute controlled, we never actually reached or decided the issue in *Wagner & Brown* because we found that the limitations defense had been waived. *Id.* We reject the court of appeals' *"obiter dictum"* label. Our statements that the two-year statute applies to unjust enrichment claims, though not essential to the outcomes in *HECI* and *Wagner & Brown,* should have been followed. *See R.R. Comm'n v. Aluminum Co. of Am.,* 380 S.W.2d 599, 601 (Tex.1964).

Even without the benefit of our prior decisions, we would conclude that unjust enrichment claims should fall under the two-year statute. The most logical reading of sections 16.003 and 16.004 is to treat "debt" actions under section 16.004 as breach-of-contract actions [1] that fall under the four-year statute of limitations for such claims, *see also* TEX. CIV. PRAC. & REM.CODE § 16.004(a)(1) (four-year statute for claims seeking specific performance of contract to convey real estate); TEX. BUS. & COM.CODE § 2.725 (four-year statute for breach-of-contract claims under Texas Uniform Commercial Code), while construing the two-year statute's reference to actions for "taking or detaining the personal property of another" as applicable to extra-contractual actions for unjust enrichment.[2] This

---

1. To the extent that actions for "debt" might also include actions for fraud, *see Williams v. Khalaf,* 802 S.W.2d 651, 656 (Tex.1990), that construction is no longer warranted, since section 16.004 now expressly applies to actions for "fraud."

2. Even if Friberg–Cooper is correct that its claim is not one for conversion, section 16.003 by its terms separately applies to claims for "conversion of personal property" and "taking or detaining the personal property of another." The latter clause, presumably,

construction harmonizes the two statutes and gives meaning to each.

In order to bring unequivocal "predictability and consistency to the jurisprudence," *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 122 (Tex.2001), we declare categorically today what we have indicated twice previously: Unjust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the *Civil Practice and Remedies Code.*

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and hold that Friberg–Cooper's claims are time-barred under the applicable two-year limitations period.

applies to something other than a claim for