

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00268-CV

_____

GABRIEL GALINDO AND PATIOS BY DESIGN, LLC, Appellants

V.

JEFF PETERSON AND MICHELLE PETERSON, Appellees

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 23-1137-481

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellants Gabriel Galindo and Patios by Design, LLC (collectively Galindo) appeal from the trial court's order granting Appellees Jeff and Michelle Peterson's amended motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. We affirm.

## Background

Galindo, as the representative of Patios by Design, entered into a contract with the Petersons in March 2021 to install a patio cover at the Petersons' residence. Galindo completed the work described in the contract, and the Petersons paid the agreed price of $10,000. However, the Petersons were unhappy with the work done, specifically with how the patio cover was tied into the roof. The Petersons asked Galindo to fix the problem, and he did work to that end, but the parties dispute whether he did that additional work properly. The Petersons hired a third party to repair Galindo's original and additional work. The Petersons sued Galindo in justice court to recover the money they had to pay to the third party. That suit was abated under the Residential Construction Liability Act because the Petersons did not give proper notice of the claim.

On February 9, 2023, Galindo filed this suit against the Petersons in district court alleging causes of action for breach of contract and unjust enrichment. In his claim for breach of contract, Galindo alleged that the Petersons "failed to perform their obligations under the contract because they are [now] requesting payment for

2

work already completed by [Galindo]." Galindo further alleged in his cause of action for unjust enrichment that the Petersons committed fraud or duress and unduly took advantage of him.

On March 3, 2023, the Petersons filed special exceptions and an original answer to the petition. They stated that Galindo's petition failed to adequately provide notice of the claims, failed to meet the minimum legal basis for a cause of action for breach of contract, and failed to articulate a cause of action for unjust enrichment. They demanded that Galindo dismiss the claims or amend his pleadings to correct substantive defects. After Galindo did not amend his pleadings, the Petersons filed a motion to dismiss Galindo's allegedly baseless causes of action. *See* Tex. R. Civ. P. 91a. The Rule 91a motion to dismiss was set for a hearing on June 1, 2023.

On May 24, 2023, Galindo filed a response to the Petersons' motion to dismiss stating that his pleadings satisfied the fair notice requirement. Galindo also filed an amended petition on that same day. In the amended petition, Galindo stated that the Petersons breached the contract by requiring Galindo "to perform other work [that] was not contracted for[] and [that] was outside the scope of the original contract." Galindo further alleged that the Petersons had filed suit against him in justice court to extort money from him and defraud him. In his cause of action for unjust enrichment, Galindo alleged that the Petersons had been unjustly enriched as a result of Galindo's "taking losses and making no profit under this contract[] but yet still reaping the benefits of [Galindo's] labor, time, and services." Galindo further added a cause of

3

action for violation of the Prompt Pay Act set out in Chapter 28 of the Texas Property Code. *See* Tex. Prop. Code Ann. §§ 28.001–.010.

The Petersons then amended their motion to dismiss and continued to allege that each cause of action was baseless or without merit. After a hearing on July 7, 2023, the trial court granted the Petersons' motion to dismiss and awarded the Petersons attorney's fees. This appeal followed. Galindo argues in three issues that his petition had a basis in law and in fact and that the trial court erred by relying on evidence and argument outside the pleadings.

## Standard of Review and Applicable Law

Dismissal of a suit is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or if] no reasonable person could believe the facts pleaded." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (citing Tex. R. Civ. P. 91a). We review a Rule 91a motion's merits de novo because the availability of a remedy under the facts alleged is a question of law and because the rule's factual-plausibility standard is akin to a legal-sufficiency review. *Id.*

If a claimant's factual allegations in his pleadings, taken as true, and the reasonable inferences to be drawn from those allegations do not entitle the claimant to the relief sought, then the claim has no basis in law. *Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *8 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.). Rule 91a limits a court's factual inquiry to the plaintiff's

4

pleadings, but it does not so limit the court's legal inquiry. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).

**Analysis**

In his first two issues, Galindo argues that his pleadings on the causes of action for breach of contract, unjust enrichment, and violation of the Prompt Pay Act each had a basis in law and in fact.

**Breach of Contract**

To prevail on a breach of contract claim, the plaintiff must establish (1) a valid contract with the defendant, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the plaintiff suffered damages as a result of that breach. *Lloyd Walterscheid & Walterscheid Farms, LLC v. Walterscheid*, 557 S.W.3d 245, 258 (Tex. App.—Fort Worth 2018, no pet.). Galindo alleged that he and the Petersons entered into a contract for Galindo to install a patio cover at the Petersons' residence in exchange for payment of $10,000. Galindo also alleged that he performed the work described in the contract and that the Petersons paid him for his services. He did not claim that the Petersons breached the contract by refusing to pay the agreed upon amount for the services provided, nor did he allege that the parties entered into a new contract that the Petersons failed to perform.

Galindo contends that the Petersons breached the contract when they required him to "perform other work [that] was not contracted for[] and [that] was outside the scope of the original contract." Galindo states that a suit for breach of contract may

5

include wrongfully requiring a party to perform work outside the scope of the contract, citing as authority *Vast Construction, LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 724 (Tex. App.—Houston [14th Dist.] 2017, no pet.), *Hejin Hong v. Nations Renovations, LLC*, No. 05-15-01036-CV, 2016 WL 7473900, at *1 (Tex. App.—Dallas Dec. 29, 2016, pet. denied) (mem. op.), and *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 667 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). However, none of those cases hold that a claim for breach of contract may include wrongfully requiring a party to perform work outside the scope of the contract after the party has already fully performed.

*Tribble* was an appeal from a summary judgment in a construction-contract suit to recover amounts still due under the contract after construction completion. *Tribble*, 154 S.W.3d at 646. The issue before the court was whether a subcontractor had complied with a condition precedent to litigation, specifically whether the subcontractor was first required to submit claims for work outside the scope of the contract to the general contractor before suing to recover compensation for that extra work. *Id.* at 666–67.

In *Vast Construction*, a dispute between a general contractor and a subcontractor required the general contractor to hire another subcontractor to complete the project, and the general contractor sued the subcontractor for the difference. *Vast Constr.*, 526 S.W.3d at 716–17. The court held that the evidence was sufficient to support the jury's finding that the subcontractor failed to comply with the contract. *Id.* at 721. The

6

court then considered the general contractor's damages, which included the difference between the contract with the original subcontractor and the replacement subcontractor. *Id.* at 723. The original subcontractor argued that the general contractor could not recover charges in the replacement contract for additional work not included in the original subcontractor's contract. *Id.*

In *Hejin Hong*, a contractor sued its customer for breach of contract, quantum meruit, and other theories. *Hejin Hong*, 2016 WL 7473900, at *1. The jury found that the customer breached the contract by failing to fully pay for the contracted work and that the contractor had performed additional work outside the scope of the contract—to which the parties had agreed—for which it was not paid. *Id.* The court analyzed the sufficiency of the evidence to support the jury's findings and whether the trial court properly submitted the theory of quantum meruit as a basis for recovery for the extra work to the jury but did not discuss whether a request for services outside the scope of the contract formed the basis for a breach of contract claim. *Id.* at *4, *9.

The three cases cited by Galindo thus do not support his argument that a claim for breach of contract may include wrongfully requiring a party to perform work outside the scope of the contract.

Galindo further argues that the Petersons failed to perform under the contract because they had "request[ed] payment for work already completed by [Galindo]." With this clear reference to the remedial damages sought by the Petersons in justice court for Galindo's failure to perform under the original contract, he attempts to

7

allege they breached the contract, in effect, by seeking damages for his alleged breach of contract. Not only does he fail to provide any authority that seeking remedial damages for breach of contract in such a manner constitutes a breach of the same contract, his pleadings do not allege any facts to show that the Petersons actually breached the contract; as pleaded, the contract required them solely to pay $10,000 to Galindo for his services, defective or otherwise, which they did.

None of Galindo's allegations, taken as true, show a valid basis in law or fact for a claim for breach of contract. We conclude that Galindo's claim for breach of contract had no basis in law or fact and therefore failed to give fair notice to the Petersons. *See* Tex. R. Civ. P. 91a.

**Unjust Enrichment**

In his amended petition, Galindo alleged a cause of action for unjust enrichment stating that the Petersons had retained the benefit of Galindo's additional materials and labor without making full payment. This court has repeatedly held that unjust enrichment is not an independent cause of action. *Landers v. Landers*, No. 02-19-00303-CV, 2021 WL 1570011, at *8 (Tex. App.—Fort Worth Apr. 22, 2021, no pet.) (mem. op.); *Davis v. OneWest Bank N.A.*, No. 02-14-00264-CV, 2015 WL 1623541, at *1 (Tex. App.—Fort Worth Apr. 9, 2015, pet. denied) (mem. op.); *see also Lawry v. Pecan Plantation Owners Ass'n,* No. 02-15-00079-CV, 2016 WL 4395777, at *6 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.); *Hulen v. Hamilton*, No. 2-06-288-CV, 2008 WL 553812, at *4 (Tex. App.—Fort Worth Feb. 28, 2008, no pet.)

8

(mem. op.); *Friberg–Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 832 (Tex. App.—Fort Worth 2006), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007). Unjust enrichment "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." *Davis*, 2015 WL 1623541, at *1 (quoting *Argyle Indep. Sch. Dist. ex rel. Bd. of Trs. v. Wolf*, 234 S.W.3d 229, 246 (Tex. App.—Fort Worth 2007, no pet.)).

Galindo has framed the failure to pay him for his additional work as a breach of the original contract, not as additional work done subject to a new contract or an agreement that the Petersons then breached. In so framing the issue, Galindo concedes that he was paid according to the terms of the original contract.

We surmise that what Galindo seeks, but has not pleaded for, is a cause of action for quantum meruit. A quantum meruit claim can support an unjust enrichment claim. *See Owens v. Curry, Tr. Of Milton C. Curry & Mamie W. Curry Revocable Living Tr.*, No. 02-22-00182-CV, 2023 WL 3017928, at *10 (Tex. App.—Fort Worth Apr. 20, 2023, pet. denied) (mem. op.). To recover under quantum meruit, Galindo had to prove that (1) valuable services or materials were furnished, (2) to the parties sought to be charged, (3) which were accepted by the parties sought to be charged, and (4) under circumstances that reasonably notified the recipient that the complaining party, in performing, expected to be paid by the recipient. *Kitchen v.*

9

*Frusher*, 181 S.W.3d 467, 477 n.6 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g).

Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). With regard to the fourth element, not only must the plaintiff expect to be paid for the services but also there must be proof that the recipient of the services had reasonable notice that the plaintiff, in performing the services, expected to be paid by the recipient. *Collins & Aikman Floorcoverings, Inc. v. Thomason*, 256 S.W.3d 402, 408 (Tex. App.—San Antonio 2008, pet. denied).

Not only has Galindo not mentioned quantum meruit as a cause of action, although given ample opportunity to do so, his pleading that he performed additional work according to the original contract negates any such cause of action. Without either a new contract or quantum meruit claim or allegation, Galindo is unable to establish a claim for unjust enrichment.

Galindo attempts to establish that the additional work he performed, for which he seeks compensation, was performed in addition to the work required under the original contract; however, the Petersons' suit in justice court makes clear that the additional work performed by Galindo was to comply with his obligations under the original contract. Galindo has not pleaded any factual basis for treating the additional work as anything other than work performed under the original contract, which the Petersons paid in full.

We conclude that Galindo's independent cause of action for unjust enrichment has no basis in law or in fact.

**Claims under Chapter 28 of the Texas Property Code**

Section 28.002 of the Property Code provides,

> If an owner or a person authorized to act on behalf of the owner receives a written payment request from a contractor for an amount that is allowed to the contractor under the contract for properly performed work or suitably stored or specially fabricated materials, the owner shall pay the amount to the contractor, less any amount withheld as authorized by statute, not later than the 35th day after the date the owner receives the request.

Tex. Prop. Code Ann. § 28.002(a).

In his pleadings, Galindo alleged that the Petersons' "failure to timely pay [him] for the materials and labor [he] provided violate[d] Chapter 28 of the Texas Property Code, otherwise known as the 'Prompt Pay Statute.'" Galindo stated that he was entitled to recover interest on the unpaid invoices. Galindo did not allege that he sent a written payment request to the Petersons or that they failed to pay any invoices. Nevertheless, even if the pleadings can be liberally construed to include such allegations, Galindo has not alleged a cause of action under Chapter 28 of the Texas Property Code, which requires the existence of a contract.

Although Rule 91a is a procedural device that must be strictly construed and narrowly applied, we conclude that none of Galindo's claims against the Petersons as

11

pleaded have a basis in law or fact and that the trial court appropriately dismissed the claims. We overrule Galindo's first and second issues.

**Outside Evidence**

In his third issue, Galindo argues that the trial court erred by considering evidence outside the pleadings in determining the Rule 91a motion. In determining a Rule 91a motion, the trial court's factual inquiry is limited to "the pleading of the cause of action" and any pleading exhibits permitted by Rule 59 of the Texas Rules of Civil Procedure, which are those attached to or copied into the plaintiff's pleadings. Tex. R. Civ. P. 59, 91a.6; *see Bethel*, 595 S.W.3d at 656; *Fiamma Statler*, 2020 WL 6334470, at *8. But the trial court's legal inquiry is not as limited. *See Bethel*, 595 S.W.3d at 656. In its legal inquiry, a trial court may additionally consider the substance of the motion to dismiss and any arguments presented at the hearing. *See id.* at 655.

At the hearing on the motion to dismiss, the Petersons' counsel stated that Patios by Design had forfeited its charter and did not have the right to prosecute a suit. Galindo's counsel objected to the introduction of evidence or statements about the forfeiture of the charter stating that the trial court could look only to the pleadings. The trial court overruled the objection and took judicial notice that Patios by Design's charter had been forfeited.

The trial court stated,

> I cannot find any case law, at this time, that would indicate that a 91a motion would be properly heard when a charter has been forfeited. I do not believe that - - that the petitioner in this case is allowed to go

forward on the 91a motion. However, the Court on a 91a motion may review the filings. I have read all of the filings in this case including the first amended petition. The Court understands the seriousness of a 91a motion to dismiss, and I understand that I must give the petitioner the benefit of assumptions in this case. However, after reading the plaintiffs' first amended petition, under breach of contract, unjust enrichment, and violation of a Prompt Pay Act, I also could not understand what the cause of action was.

The trial court's statements indicated that the ruling on the motion to dismiss was not based upon the forfeiture of the charter, but rather on the pleadings themselves.

Galindo's counsel argued to the trial court that the ruling on the Rule 91a motion could be made only by considering the pleadings and that he did not have notice of the argument that the charter had been forfeited. The trial court responded that a Rule 91a motion is "rarely granted" but explained, "[I]n reading the causes of action, I don't understand what they are. And so, if the Court doesn't understand, I'm not sure how [the Petersons] are supposed to understand." Galindo's counsel again argued that the pleadings were sufficient to defeat the Rule 91a motion. The trial court further explained the ruling by stating,

> Your -- your argument, like, whether or not it's included in the pleadings doesn't matter to me. It's whether someone is on notice and can understand what the issue is in the pleadings, and I cannot understand what the issue is.
>
> I have considered all of the pleadings. I have read everything that you've written. I've still listened to arguments today, and I still don't understand what the issue is. I'm granting the 91a motion.

Rule 91a.6 does not allow a trial court to consider evidence in ruling on the motion. A party cannot rely on judicial notice in a Rule 91a proceeding because

13

judicial notice is "a matter of evidence." *Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 557 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Although the trial court took judicial notice that Patios by Design had forfeited its charter, it is clear that the trial court did not rely on the charter forfeiture in granting the Petersons' Rule 91a motion to dismiss. We overrule Galindo's third issue.

**Attorney's Fees**

Galindo argues in an unassigned issue that because the trial court erred by granting the Petersons' Rule 91a motion to dismiss, it also erred by awarding attorney's fees to the Petersons and not awarding him attorney's fees. Because we hold that the trial court did not err by granting the Petersons' Rule 91a motion to dismiss, we hold that the trial court did not err by awarding the Petersons attorney's fees and denying Galindo attorney's fees.[1] *See* Tex. R. Civ. P. 91a.7.

**Conclusion**

Having overruled all of Galindo's issues on appeal, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 25, 2024

---

[1]Galindo does not challenge the amount of attorney's fees awarded to the Petersons.

14