02-09-244-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00244-CV

 

 


 
 
 In the Interest of L.R.S. and
 C.M.S., Children
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE
325th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          Appellant Zaida
Basora appeals the trial court’s order in this
post-divorce modification and enforcement suit filed against her by Mark
Swanson.  Basora
contends in five issues that the trial court abused its discretion by excluding
her trial evidence for failure to sufficiently answer interrogatories, by
finding that she overcharged Swanson for health and dental insurance premiums,
by failing to find that Swanson breached his contractual obligation to pay
fifty percent of their daughter’s college expenses, by failing to find that
Swanson owed additional arrearages of $2,100 plus interest, and by denying her
request for attorney’s fees.  We affirm.

II.  Background

          Basora and
Swanson have four daughters.  Their two
oldest daughters are twins, and one of the twins is hearing-impaired.  Basora and Swanson
divorced, and the trial court signed the agreed divorce decree in September
1995.  Basora
was appointed sole managing conservator, Swanson was appointed possessory
conservator, and Swanson agreed to pay child support and to provide health
insurance until the youngest child became emancipated.  In addition, the agreed divorce decree
included the following contractual obligation:

Education Beyond High
School

 

          The parties have AGREED that each
party will be responsible for and will pay fifty (50) percent of any and all
reasonable education expenses incurred to send the parties[’] children, . . .,
either to college or to technical, vocational, or business school, provided the
child is a full-time student . . . and maintains at least a “C” or equivalent
grade-point average toward the completion either of a college bachelor’s degree
or of a technical, vocational, or business school diploma.  This obligation will include tuition,
activities fees, laboratory fees, books, room and board, and other charges
normally related to such education.  This
obligation will terminate at the time each child reaches the age of 25 years.

 

          Beginning in 1996, Basora
carried the children on her employer-provided health insurance plan, and
Swanson made payments to Basora to reimburse her for
the cost.  In 2007, Basora
and Swanson’s twin daughters graduated from high school and made arrangements
to attend college.

          In December 2007, Swanson filed a
petition to modify the parent-child relationship.  Swanson’s live pleading at the time of the
hearing sought a decrease in child support payments, requested that any
decrease be applied retroactively, alleged that Basora
had overcharged him for health and dental insurance premiums, and requested
judgment for the excessive health and dental insurance payments.  Basora filed a
counter-petition and motion to confirm child support arrearages in March 2008,
and her live pleading at the time of the hearing sought a retroactive increase
in Swanson’s child support obligation and judgment for Swanson’s alleged
cumulative arrearage and failure to pay fifty percent of college expenses for
their two oldest daughters. 

          The trial court
conducted a hearing on the petition and counter-petition to modify the
parent-child relationship on March 4, 2009. 
At the hearing, the trial court sustained Swanson’s numerous objections
to Basora’s exhibits and testimony because the trial
court determined that Basora had not adequately
responded to several interrogatories. 
After the hearing, the trial court signed an order that retroactively
reduced Swanson’s child support obligation, reduced Swanson’s future child
support obligations, required Swanson to continue providing health insurance
for the children, found that Swanson had overpaid Basora
for past health and dental insurance premiums in the amount of $16,228.18,
found that Swanson was in arrears in the amount of $792.66, awarded Swanson
$15,991.23 as reimbursement for the health and dental insurance premium overpayments,
ordered Basora to pay Swanson’s attorney’s fees, and
expressly denied Basora’s breach of contract claim
for nonpayment of college expenses.  This
appeal followed.

III.  Exclusion of Evidence

          In her first issue, Basora contends that the trial court abused its discretion
by excluding her trial evidence as a discovery sanction based on her failure to
sufficiently answer interrogatories propounded by Swanson.  Specifically, Basora
argues that she offered exhibits and attempted to elicit cross-examination testimony
from Swanson at the hearing relating to the cost of health insurance for the
children, how much Swanson paid for the children’s health insurance each month,
and the college expenses Basora had incurred for
their daughters but that the trial court excluded the exhibits and testimony.

          The penalty under rule 193.6 for a
party’s failure to respond to a discovery request is the mandatory exclusion of
the evidence requested.  See Alvarado v. Farah Mfg. Co., 830
S.W.2d 911, 914 (Tex. 1992); F & H Invs., Inc. v. State, 55 S.W.3d 663, 669 (Tex.
App.—Waco 2001, no pet.).  A party who
fails to make, amend, or supplement a discovery response in a timely manner may
not introduce in evidence the material or information that was not timely
disclosed unless the court finds that (1) there was good cause for the failure
to timely disclose or (2) the failure will not unfairly surprise or prejudice
the other parties.  Tex. Mun. League Intergovernmental
Risk Pool v. Burns, 209 S.W.3d 806, 817 (Tex.
App.—Fort Worth 2006, no pet.) (citing
Tex. R. Civ. P. 193.6(a)).  The trial
court has discretion to determine whether the offering party has met its burden,
Id. (citing Alvarado, 830 S.W.2d at 914), but any “finding of good cause or of
the lack of unfair surprise or unfair prejudice must be supported by the
record.”  Tex. R. Civ.
P. 193.6(b).  Moreover, parties
have a duty to amend or supplement discovery responses “reasonably promptly”
after discovering the need to amend or supplement, and “it is presumed that an
amended or supplemental [discovery] response made less than 30 days before
trial was not made reasonably promptly.” 
Tex. R. Civ. P. 193.5(b).

          Here, the trial court excluded Basora’s exhibits and testimony relating to the cost of the
children’s health insurance, the amount Swanson paid for the children’s health insurance
and the college expenses Basora incurred because Basora did not adequately respond to interrogatories.  Concerning health insurance, Swanson’s interrogatory
had requested that Basora state the cost of the
health insurance that she provided for the children, the amount she requested that
Swanson pay, and the amount that Swanson paid each month for the
insurance.  Basora’s
responses, subject to a relevancy objection, were that the amounts “varied annually,”
“varied annually over the past 13 years,” and “varied
annually over the last 13 years” and that she did not have documents containing
the information.  Concerning college
expenses, Swanson’s interrogatory asked Basora to
describe the expenses incurred, state the total amount of each expense, and the
date each expense was incurred and paid. 
Basora’s answer did not include an objection
and referred Swanson to “bank statements and statements of amount due” that
were produced in response to requests for production.

Basora
first argues that Swanson waived his objections to her interrogatory response
by failing to request a hearing on his motion to compel and obtain a ruling on
her objection.[2]  Either party can request a hearing on
discovery objections.  See Tex. R. Civ. P. 193.4(a).  The issue here is not Basora’s
relevancy objection but, rather, her failure to provide any information in
response to the interrogatory subject to the objection.  Basora’s answer
merely stated that she did not have documents and that the health insurance
amounts “varied annually.”  However, Basora admittedly received and possessed documents
containing information responsive to the interrogatory before trial, but she
did not supplement her response to the interrogatory in compliance with her
obligations to fully respond to non-objectionable parts of the interrogatory
and to supplement reasonably promptly.  See Tex. R. Civ. P. 193.2(b),
193.5.  Thus, the issue is not one of
waiver by Swanson but is one of automatic exclusion unless Basora,
who had the burden, established good cause or the lack of surprise or prejudice
as a result of her failure to supplement her interrogatory answer.  See
Tex. R. Civ. P. 193.6(a), (b).

Basora
contends that Swanson was not surprised by her failure to answer the
interrogatories concerning the health insurance and college expenses because
she produced documents to Swanson containing the information requested in the
interrogatories.  Rule 197.2(c) allows a
party to specify or produce the documents containing the information requested
in an interrogatory if the burden of deriving or ascertaining the answer is the
same for both parties.  See Tex. R. Civ. P. 197.2(c).  However, Basora did
not argue to the trial court and does not argue on appeal that the burden of
ascertaining the answers to the interrogatories was the same for both
parties.  Further, there is no indication
in the record as to when Basora produced the
documents to Swanson, and we cannot determine whether Basora
complied with her obligation to amend or supplement her discovery responses
reasonably promptly after discovering the need to do so.  See
Tex. R. Civ. P. 193.5(b).  Moreover, the
appellate record does not contain the documents Basora
produced to Swanson, so we are unable to determine whether the information
requested in the interrogatories was in fact provided in response to the
requests for production.  Therefore, on
this record, we hold that Basora has not established
an abuse of discretion because she has failed to show good cause or the lack of
unfair surprise or prejudice.  See Tex. R. Civ. P. 193.6(a), (b); F & H Invs.,
Inc., 55 S.W.3d at 670–71 (refuting argument of no unfair surprise based on
contention that party had discussions with opponent and produced responsive
documents).  We overrule Basora’s first issue.

IV.  Overcharges,
College Expenses, and Arrearage

          In
her second, third, and fourth issues, Basora contends
that the trial court abused its discretion by granting judgment to Swanson for
health and dental insurance overcharges because there is no evidence to support
that award; by failing to award her judgment for Swanson’s nonpayment of their
daughter’s college expenses; and by failing to find Swanson in arrears by an
additional $2,100 plus interest.

A. 
Standard of Review

          In a trial to the court in which no
findings of fact or conclusions of law are filed, the trial court’s judgment
implies all findings of fact necessary to support it.  Pharo v. Chambers County, 922 S.W.2d 945, 948
(Tex. 1996); In re Estate of Rhea,
257 S.W.3d 787, 790 (Tex. App.—Fort Worth 2008, no pet.).  But when a reporter’s record is filed, these
implied findings are not conclusive, and an appellant may challenge them by
raising issues challenging the sufficiency of the evidence.  BMC Software Belg., N.V. v. Marchand, 83
S.W.3d 789, 795 (Tex. 2002); Estate of
Rhea, 257 S.W.3d at 790.  In
family law cases, however, the abuse of discretion standard of review overlaps
with the traditional sufficiency standard of review.  Boyd v. Boyd, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no
pet.).

          Accordingly, to determine whether
there has been an abuse of discretion because the evidence is legally or
factually insufficient to support the trial court’s decision, we engage in a
two-pronged inquiry: (1) whether the trial court had sufficient evidence upon
which to exercise its discretion and (2) whether the trial court erred in its
application of discretion.  Id.  The applicable sufficiency review comes into
play with regard to the first question.  Id.  We then proceed to determine whether, based on
the elicited evidence, the trial court made a reasonable decision.  Id.  In determining whether there is legally
sufficient evidence to support the finding under review, we consider evidence
favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable factfinder could not. 
Cent. Ready Mix
Concrete Co. v. Islas, 228 S.W.3d 649, 651
(Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).

B. 
Health Insurance Overcharges

          Basora
argues in her second issue that the trial court abused its discretion by
finding that she overcharged Swanson for health and dental insurance premiums
because there is no evidence of the amounts charged to Swanson for the years
1995 through 2002; because the trial court impermissibly applied a 2007 statute
to Swanson’s pre-2002 obligations; because Swanson’s claim is barred by the
statute of limitations, estoppel, laches,
or waiver; and because the trial court had no authority to require reimbursement
of the alleged overcharges.

          1.  Sufficient Evidence of Overcharges

          Basora
contends that there is no evidence of the amounts charged to Swanson for the
children’s health insurance for the years 1995 through 2002. However, Swanson
testified at the hearing about the amounts he paid for the children’s health
insurance for the years 1996 through 2007 and that his overpayment totaled
$16,228.18.  In addition, Swanson’s
exhibits nine, ten, and thirteen were admitted into evidence without
objection.  Exhibit nine is a table
setting forth the health and dental insurance premiums Swanson owed for each
year from 1996 through 2007, the amounts Swanson paid for health and dental
insurance premiums for each of those years, and a calculation of Swanson’s
overpayment for health and dental insurance premiums.  Exhibit ten contains the documents received
from Basora’s employer (in response to Swanson’s
subpoena) relating to the children’s health and dental benefits.  Although the documents reflecting the actual
benefits provided prior to 2002 were no longer available—and thus not included
within exhibit ten—Basora’s employer did provide
enrollment forms containing the various available elections and a summary of
benefits and rates for active employees for the years before 2002.  Exhibit thirteen is an e-mail from Basora to Swanson stating that she divided the total health
insurance premium by six and then multiplied the result by four to determine
the amount Swanson owed each month for his four daughters.[3] However,
exhibit thirteen also states that Basora did not
deduct any amount unique to her personal health insurance premium before
dividing the total monthly health insurance premium by six.

          Basora
contends that Swanson’s testimony and the exhibits relating to the amounts
Swanson was charged and paid from 1996 through 2002 are no evidence because the
documents reflecting the actual costs of health insurance for those years are
no longer available and because Swanson therefore does not have personal
knowledge of that information.  But Basora did not object to Swanson’s testimony or any of the
three exhibits, and she did not present any evidence controverting
Swanson’s calculation of the overcharges. 
See Sheldon Pollack Corp. v. Pioneer
Concrete of Tex., Inc., 765 S.W.2d 843, 847 (Tex. App.—Dallas 1989, writ
denied) (holding there was evidence to support attorney’s fee award where
summary of testimony was admitted without objection).  After reviewing the evidence admitted at
trial and applying the appropriate standard of review, we hold that the trial
court had sufficient evidence upon which to exercise its discretion.  We further hold that the trial court did not
abuse its discretion by finding that Swanson paid Basora
$16,228.18 more than he should have paid for the children’s health and dental
insurance premiums.  See generally Boyd, 131 S.W.3d at
610–11.  We overrule this portion
of Basora’s second issue.

2. 
No Retroactive Application of Statutory Standard

Basora
also argues within her second issue that the trial court erred by retroactively
applying family code section 154.182[4] to
Swanson’s obligation to provide health insurance for the children because the
retroactive application violated the constitutional prohibition of ex post
facto laws and deprived her of a vested right. 

To
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling, if they are not apparent from the context of
the request, objection, or motion.  Tex. R. App. P. 33.1(a). 
If a party fails to do this, error is not preserved, and the complaint
is waived.  Bushell v. Dean, 803
S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).

It
is not clear whether the trial court relied on section 154.182 when determining
that Basora should pay Swanson for health insurance
overcharges. But even if the trial court applied section 154.182, Basora did not present her constitutional and vested rights
arguments to the trial court and therefore failed to preserve them for
appellate review.  See Tex. R. App. P. 33.1(a). 
Moreover, we note that both the current and 1995 versions of section 154.182(b-1) limit the obligor’s responsibility for health
insurance to an amount equal to the “actual cost” of the health insurance for
the child.  See Tex. Fam. Code Ann. § 154.182(b-1); Act of April 20, 1995, 74th
Leg., R.S., ch. 20, § 1 (current version at Tex. Fam.
Code Ann. § 154.182(b-1)).  We overrule
this portion of Basora’s second issue.

3. 
Statute of Limitations, Estoppel, Laches, and Waiver

Basora
also argues that Swanson’s claim for overcharges prior to 2003 is barred by the
statute of limitations, estoppel, laches,
and waiver.  Although Basora
pleaded these affirmative defenses in her first amended answer, she did not
raise these affirmative defenses at the hearing or in her motion for new trial.
Therefore, she failed to preserve these arguments for appellate review, and we
overrule this portion of her second issue. 
See Tex. R. App. P. 33.1(a).

4. 
Authority to Require Reimbursement

In
the final part of her second issue, Basora contends
that the trial court did not have authority to order her to reimburse Swanson
for the health insurance premium overcharges. 
She argues that “there is no specific statutory authority for repayment
of health insurance costs in excess of the actual cost of health insurance paid
by [Swanson]” and that “it appears that the [trial court] treated the health
insurance premium reimbursement as child support[] but
failed to find that any request for reimbursement [was] premature because the
child support obligation has not terminated.” 
We disagree.

“An
action for money had and received is an equitable doctrine that courts apply to
prevent unjust enrichment.”  London v. London, 192 S.W.3d 6, 13 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied) (citing Miller-Rogaska, Inc. v. Bank One, 931
S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ).  “The cause of action is not premised on
wrongdoing, but looks to the justice of the case and inquires whether the party
has received money that rightfully belongs to another.”  Id. (citing Amoco Prod. Co. v. Smith, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no
writ).  The question in
an action for money had and received is to which party does
the money, in equity and law, belong.  Id.  (citing Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686,
687 (1951); Tri-State Chems.,
Inc. v. W. Organics, Inc., 83 S.W.3d 189, 194–95 (Tex. App.—Amarillo 2002,
pet. denied)).

In London, the husband paid child support
pursuant to a court order that was reversed on appeal, and the court of appeals
held that the husband was entitled to recover the amount he overpaid pursuant
to the subsequently reversed court order under the equitable doctrine of
restitution to prevent unjust enrichment. 
Id. at 13–14.  Here, Swanson made payments to Basora in an effort to comply with his support obligations
under the divorce decree but discovered that he had overpaid for health and
dental insurance premiums.  We hold that
Swanson is entitled, under common law principles, to seek recovery of the
amounts he overpaid to Basora for health and dental
insurance premiums.  See id.  We overrule the
remainder of Basora’s second issue.

C. 
College Education Expenses

          Basora
contends in her third issue that the trial court abused its discretion by
failing to find that Swanson had not honored his contractual obligation to pay
fifty percent of his daughter’s college expenses.  Swanson responds that Basora
failed to meet her burden of proof.

As
set forth above, the divorce decree obligated Basora
and Swanson to each pay fifty percent of their children’s reasonable college
expenses.  Basora
argues that the trial court abused its discretion by excluding her evidence
concerning those college expenses, that her daughter’s college expenses are
reasonable, and that Swanson breached his contractual obligation to pay fifty
percent of those college expenses.[5]  However, we held above that the trial court
did not abuse its discretion by excluding Basora’s evidence.  And because Basora
presented no evidence of the amount of college expenses Swanson allegedly
failed to pay, we hold that the trial court did not abuse its discretion by
failing to find that Swanson breached his contractual obligation to pay fifty
percent of his daughter’s college expenses. 
See generally Boyd,
131 S.W.3d at 610–11.  We overrule
Basora’s third issue.

D. 
Failure to Find Additional Arrearages

          In her fourth issue, Basora argues that the trial court abused its discretion by
failing to find Swanson in arrears for an additional $2,100 plus interest.  Basora testified
that Swanson was $2,100 in arrears on his child support payments in 1997; that
Swanson made a payment in 1997 through the child support office in that amount;
and that she and Swanson agreed that she would not negotiate the check at that
time but rather that Swanson would make the payment at a later, undetermined
date.  Swanson testified that he and Basora agreed that Basora would
not negotiate the $2,100 check because Basora had
taken possession of a refrigerator, playground equipment, and swing sets that
were awarded to him in the divorce decree. 
It is undisputed that Swanson made the payment through the child support
office, that Basora had
physical possession of the check, and that Basora did
not negotiate the check.

          To prevail on her claim for the
additional $2,100, Basora had the burden to prove the amount of the arrearages due.  See
George v. Jeppeson, 238 S.W.3d 463, 473 (Tex. App.—Houston
[1st Dist.] 2007, no pet.); In re S.R.O.,
143 S.W.3d 237, 248 (Tex. App.—Waco 2004, no pet.); Curtis v. Curtis, 11 S.W.3d 466, 472 (Tex. App.—Tyler 2000, no
pet.).  If the arrearages are proven, the
trial court has an affirmative, ministerial duty under family code section
157.253(a) to confirm the arrearages and reduce them to judgment.  See
George, 238 S.W.3d at 473.  However, the trial court’s duty under section
157.253(a) does not arise until the petitioner meets her burden to provide
adequate proof to substantiate the arrearages alleged.  Id.

          Basora
argues that any agreement she might have had with Swanson to reduce Swanson’s
child support arrearage is void because she and Swanson are prohibited by the
family code from settling a claim for arrearages and the trial court does not
have the authority to forgive child support arrearages.  See
Tex. Fam. Code Ann. §§ 157.262 (Vernon Supp. 2010); .263 (Vernon 2008); Curtis, 11 S.W.3d at 471 (stating that “the
trial court has no authority to reduce or modify the amount of arrearages in
rendering judgment” and that “parents of the child may not settle child support
claims until after the arrearages have been confirmed and cumulated in a money
judgment or until the trial court has lost jurisdiction to enforce the unpaid
child support debt.”).  These principles
do not apply, however, if the amount of arrearage is not proven.  See
Tex. Fam. Code Ann. §§ 157.262, .263; George,
238 S.W.3d at 474.

The
trial court heard conflicting evidence about the parties’ versions of events
relating to the payment of the $2,100. 
It is undisputed that Swanson made the payment and that Basora had physical possession of the check.  Further, the trial court heard evidence that Basora and Swanson agreed that Basora
would keep certain items of personal property by paying Swanson $2,100 (i.e.,
not negotiating the $2,100 check she received through the child support
office).  Thus, the trial court could
have found that Swanson paid the $2,100 as required by the divorce decree and
that he was not in arrears for the $2,100 because of the parties’ agreement
relating to the personal property. 
Applying the applicable abuse of discretion standard, we defer to the
trial court’s resolution of the conflicting evidence presented and hold that the
record supports the trial court’s implied finding that Basora
failed to meet her evidentiary burden to prove Swanson’s arrearages.  See
George, 238 S.W.3d at 474.  And because Basora
failed to meet her evidentiary burden, no section 157.263(a) duty to confirm
the amount of arrearages ever arose.  Id. (citing Tex. Fam. Code Ann. §
157.263(a)).  We overrule Basora’s fourth issue.

V. 
Attorney’s Fees

          Basora
argues in her fifth issue that the trial court abused its discretion by
awarding attorney’s fees to Swanson and by failing to award her attorney’s
fees.  She contends that Swanson failed
to prove the overcharges for health and dental insurance premiums, that the
unproven overcharges cannot support an award of attorney’s fees to Swanson, and
that the trial court had a mandatory duty to award her attorney’s fees because
it found Swanson in arrears on child support obligations but failed to make a
good cause finding under family code section 157.167(c) as to why Swanson
should not pay her attorney’s fees.  Swanson
responds that there was no arrearage because his overpayments offset any
arrearages. 

          Basora first
contends that the trial court erred by awarding attorney’s fees to Swanson
because he failed to prove that she overcharged him for health and dental
insurance premiums.  We held above,
however, that the trial court did not abuse its discretion by finding that Basora charged Swanson $16,228.18 more than she should have
for the children’s health and dental insurance premiums.  We therefore overrule this part of Basora’s fifth issue.

          Basora next
argues that because she proved that Swanson was in arrears, the trial court had
a mandatory duty to award her attorney’s fees. 
In In re S.L.M., the respondent’s arrearage
was $14,874.60 but his offset totaled $20,405.75.  See 97 S.W.3d 224, 237 (Tex. App.—Amarillo 2002, no pet.).  Because the respondent’s offset exceeded his
arrearage, the S.L.M. court held that
the trial court did not err by failing to award the petitioner interest,
attorney’s fees, and costs.  See id. at
236–37.  Here, the trial court found that
Swanson was entitled to offset his $792.66 arrearage with $16,783.89 owed to
him by Basora for health and dental insurance premium
overpayments and non-covered dental expenses. After the offset, Basora owed Swanson $15,991.23.  Thus, Swanson owed no arrearage after the
offset, and the trial court was not required to make a good cause finding under
family code section 157.167(c) before denying Basora’s
request for attorney’s fees.  See id.; see also Tex. Fam. Code Ann. § 157.167(a), (c) (Vernon 2008); Beck v. Walker, 154 S.W.3d 895, 907–08
(Tex. App.—Dallas 2005, no pet.).  The
trial court did not abuse its discretion by failing to award Basora attorney’s fees. 
See S.L.M., 97 S.W.3d at 237.  We
overrule the remainder of Basora’s fifth issue.

VI.  Conclusion

Having
overruled each of Basora’s five issues, we affirm the
trial court’s order.

 

 

ANNE GARDNER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
GARDNER and MEIER, JJ.

 

DELIVERED:  March 3, 2011











          [1]See
Tex. R. App. P. 47.4.





[2]This argument
relates only to the health insurance interrogatory because Basora
did not object to the college expense interrogatory.





[3]Basora divided the
monthly premium by six because she and her son (not Swanson’s child) were also
insured under the plan.  Basora then multiplied the result by four to calculate the premium
for her four daughters.





[4]Basora specifically
cites section 154.182(e), but section 154.182 does not have a subsection
(e).  See
Tex. Fam. Code Ann. § 154.182 (Vernon Supp. 2010).





[5]Basora appears to argue
that Swanson anticipatorily breached his contractual obligation by telling his
daughter that she might have to get a student loan to pay for college because
his resources are limited.