**AFFIRM; and Opinion Filed December 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01015-CV
_____

**MONTEREY MUSHROOMS, INC. AND CAPROCK CLAIMS MANAGEMENT, LLC, Appellants**

**V.**

**MAJESTIC REALTY CO. AND MCLANE FOODSERVICE, INC., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02702**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Appellants Monterey Mushrooms, Inc. and Caprock Claims Management, LLC appeal

a no-evidence summary judgment granted in favor of appellees Majestic Realty Co. and McLane

Foodservice, Inc. In three issues, Monterey contends the trial court erred in granting appellees'

motion for summary judgment on its claims for equitable subrogation, unjust enrichment, and

"money had and received." For the following reasons, we affirm the trial court's judgment.

In 2009, a Monterey employee Leroy Crocker was injured when he slipped and fell on a

patch of ice on property owned by Majestic and operated by McLane. Crocker was acting in the

course and scope of his employment at the time of his injury. Monterey did not subscribe to

worker's compensation insurance, but instead provided employees with an Employee Injury

Benefit Plan under the Employee Retirement Income Security Act (ERISA). Monterey paid

Crocker medical and temporary income benefits through the plan. Monterey later sued appellees to recover the benefits it paid. Monterey asserted appellees were "primarily liable" for these payments because they owned or controlled the premises where Crocker was injured. Monterey alleged claims for equitable subrogation, unjust enrichment, and "money had and received."

Appellees moved for a no-evidence motion for summary judgment asserting Monterey had no evidence to show it was liable for Crocker's injuries, and thus had no evidence to support any of its claims. In its response to the motion for summary judgment, Monterey did not submit any summary judgment evidence to raise an issue of fact to show Crocker had a valid claim against appellees or that appellees were legally liable for Crocker's injuries. The trial court granted summary judgment in favor of appellees.

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indust., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

Monterey first asserts the trial court erred in granting summary judgment on its claim for equitable subrogation. Monterey relies on evidence showing it had a right to subrogation. According to Monterey, it was not also required to present evidence showing appellees were liable for Crocker's injuries because of the equitable nature of the claim. In essence, Monterey asserts it can recover for payments it made to Crocker even if Crocker himself did not have a

claim against appellees. Monterey misunderstands the nature of subrogation and the equitable principals involved.

Contractual subrogation "is created by an agreement or contract that grants [a party] the right to pursue reimbursement from a third party in exchange for payment of a loss." In contrast, equitable subrogation "does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." *Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007). The doctrine of equitable subrogation operates to give a party standing it would otherwise lack to step into the shoes of, and pursue the claims belonging to, a party with standing. *Frymire Engineering Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Intern., Ltd.* 259 S.W.3d 140, 142 (Tex. 2008). Texas courts interpret this doctrine liberally. *Id.*

But having a right to subrogation, is distinct from the ability to recover under that right. *Mid-Continent Ins. Co..* 236 S.W.3d at 774 -775. In both contractual and equitable subrogation, the subrogee "stands in the shoes of" the subrogor, "obtaining only those rights held by" the subrogor against a third party, and subject to any defenses the third party held against the subrogor. *See id.*

On appeal, Monterey asserts it presented evidence showing it had a right to subrogation, but appellees' motion for summary judgment was directed to whether Monterey had any evidence it could recover under that right. Absent any evidence that Crocker had a claim against appellees, Monterey has failed to come forward with a fact issue on its claim. We resolve the first issue against Monterey.

Monterey next asserts the trial court erred in granting summary judgment in favor of appellees on its claim for "unjust enrichment." Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. *Tex.*

–3–

*Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied). Unjust enrichment occurs when a person wrongfully secured or passively received a "benefit" that would be unconscionable to retain. *Tex. Integrated Conveyor Sys.*, 300 S.W.3d at 367. To prevail, a plaintiff must show that the defendant obtained a benefit from the plaintiff by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay. *Oxford Fin. Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.).

Monterey's claim for unjust enrichment is premised on its contention that appellees received a benefit from Monterey's payments to Crocker. Even if we could agree a claim for unjust enrichment could rest on this type of "benefit," we conclude Monterey failed to present any evidence to show appellees received any such benefits. Appellees only benefitted from the Monterey's payments to Crocker if appellees were liable for those payments. But Monterey presented no summary judgment evidence to raise a fact issue on this element. Therefore, we resolve the second issue against Monterey.

In its third issue, Monterey asserts the trial court erred in granting appellees' no-evidence motion for summary judgment on its claim for "money had and received." A claim for money had and received "belongs conceptually to the doctrine of unjust enrichment." *Edwards v. Mid–Continent Office Distributors L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied) (quoting *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)). To prevail, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to the plaintiff. *Id.* It is not premised on wrongdoing, but seeks to determine

to which party, in equity, justice, and law, the money belongs. *Id*. Here, Monterey presented no evidence that appellees' received any money or benefits belonging to Monterey. Therefore, the trial court properly granted summary judgment on this claim. We resolve the third issue against Monterey.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

131015F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MONTEREY MUSHROOMS, INC. and
CAPROCK CLAIMS MANAGEMENT,
LLC., Appellants

No. 05-13-01015-CV          V.

MAJESTIC REALTY CO. and MCLANE
FOODSERVICE, INC., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02702.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees MAJESTIC REALTY CO. and MCLANE
FOODSERVICE, INC. recover their costs of this appeal from appellants MONTEREY
MUSHROOMS, INC. and CAPROCK CLAIMS MANAGEMENT, LLC.

Judgment entered this 4th day of December, 2014.